UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; MARY J. RAY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife; MICHAEL LEPAGE, husband and wife; on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., a foreign corporation,<br><br>Defendant. | Case No. C05-5835 RJB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. 8). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**FACTUAL AND PROCEDURAL HISTORY**

This dispute arose from several separate mortgage transactions between Defendant NovaStar Mortgage, Inc., a Virginia corporation licensed in Washington as a consumer loan company, and Plaintiffs, each of whom entered into a mortgage agreement with Defendant in the State of Washington to either finance or refinance their property. Each mortgage transaction was facilitated by an independent mortgage broker. Plaintiffs allege that Defendant engaged in deceptive and unfair practices by failing to

ORDER
Page - 1

timely disclose "yield spread premiums," which are fees paid by the lender to the mortgage broker based on the interest rate of the loan.

According to Plaintiffs' Complaint (Dkt. 1), the following regularly occurs to Washington residents who decide to buy or refinance a home with the assistance of a mortgage broker: In order to compensate the broker for services, the borrowers agree to pay a fee that is either paid out of pocket or taken directly from the proceeds of the loan at the time the loan is funded. This fee is most commonly referred to as an "origination fee" or "broker fee." This fee is usually computed as a percentage of the loan amount, and typically amounts to one percent of the loan's value. The broker is also paid a yield spread premium by the lender for referring the loan at an interest rate that is higher than what the lender would have otherwise charged for the loan. Essentially, the higher the interest rate, the greater the yield spread premium received by the mortgage broker.

Plaintiffs contend that both federal and Washington State laws specifically require lenders to disclose any yield spread premiums no later than three days after the date a borrower applies for a residential mortgage, and that failure to do so violates the requirements set forth in the federal Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2604) and Truth in Lending Act (TILA) (15 U.S.C. § 1601 *et. seq.*), as well as the Washington Consumer Loan Act (CLA) (RCW § 31.04 *et. seq.*), and constitutes a deceptive practice under the Washington Consumer Protection Act (CPA) (RCW § 19.86 *et. seq.*). While Plaintiffs allege that both RESPA and TILA, and their implementing regulations, require a lender to provide a Good Faith Estimate that discloses any yield spread premiums to the borrower no later than the earlier of (1) the extension of credit, or (2) three days after the lender receives the borrower's mortgage application, *see* 12 U.S.C. § 2604(c); 15 U.S.C. § 1638(b); 12 C.F.R. § 226.19(a)(1); 24 C.F.R. § 3500.7; RCW § 31.04.102, Plaintiff's claim is based on the CPA, and RESPA and TILA are only referred to in the Complaint as evidence in support of a deceptive act or practice under the CPA.

Plaintiffs allege that Defendant NovaStar and the involved mortgage brokers (who are not named in this suit) did not disclose the yield spread premiums until Plaintiffs arrived to sign the final closing documents, or in some cases, until after the loan agreement was actually signed. Plaintiffs allege that this constitutes a deceptive and unfair practice under the Washington Consumer Protection Act, because

Plaintiffs were deprived of a meaningful opportunity to find another lender, negotiate a more favorable rate, and/or reject the yield spread premiums. Plaintiffs allege that as a result they were forced to pay an inflated interest rate over the life of their loan. Plaintiffs also allege that several of the loans require a significant pre-payment penalty, and that Plaintiffs have been, and continue to be, damaged a second time when forced to pay this penalty when refinancing their homes to escape the inflated terms of the loans.

Plaintiffs further allege that Defendant NovaStar made, and continues to make, a significant effort to avoid disclosing the yield spread premiums in ways that include (1) veiled and vague references to the fee, (2) generating multiple Good Faith Estimates wherein the one that omits the fee is provided to the borrower while the version that includes the fee is placed in the borrower's file but not shown to the borrower, and (3) the use of "warehouse" lines of credit to disguise the identity of the lender in order to avoid the federal disclosure requirements. In their Complaint, Plaintiffs contend that a "warehouse" line of credit occurs when the lender places funds into an account that it has set up in the name of the mortgage broker, who then purports to extend the loan in the broker's name, when in reality the broker has agreed ahead of time to immediately transfer the loan to the lender as soon as the agreement is signed. Plaintiffs allege that these actions further constitute unfair and deceptive practices under the Washington Consumer Protection Act.

On December 30, 2005, Plaintiffs filed this action in federal court, seeking damages for the activities alleged above pursuant to the Washington Consumer Protection Act, on behalf of themselves and a class of persons similarly situated. Dkt. 1, at 16. Plaintiffs specifically request treble damages, attorney's fees, and costs, pursuant to the Washington Consumer Protection Act. *Id.* Plaintiffs also request an injunction barring Defendant from future unlawful conduct concerning residential loan transactions. *Id.* at 2. Plaintiffs have not yet filed a Motion for Class Certification. Defendant denies all allegations of unfair and deceptive conduct in this matter.

### **DEFENDANT'S MOTION TO DISMISS**

On January 30, 2006, Defendant filed this Motion to Dismiss (Dkt. 8), requesting that the Court dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiffs' Complaint should be dismissed for six reasons: (1) the conduct alleged in Plaintiffs' Complaint is exempt from the Washington Consumer Protection Act

because it is specifically regulated by federal law, (2) Plaintiffs' Complaint fails to state a *per se* violation of the CPA, (3) in the absence of a *per se* violation, Plaintiffs have also failed to properly plead a CPA violation because they have not adequately pled the elements of a deceptive act or proximately caused damages, (4) the claim of Plaintiffs Cameron and Patricia Pierce is outside the scope of the CPA because Cameron Pierce is a mortgage underwriter and loan officer with extensive and sophisticated knowledge of the mortgage industry, (5) the claim of Plaintiffs Michael and Gertrude LePage involves a mortgage that was acquired by Defendant NovaStar in a secondary market transaction not subject to federal disclosure requirements, and (6) the claim of Plaintiff Karen Kirby fails because the interest rate on her loan is below par and therefore she cannot claim to be damaged. *Id.* at 3-4.

## STANDARD OF REVIEW

Upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court limits its review to the allegations of material fact set forth in the complaint, which are taken to be true and viewed in the light most favorable to the non-moving party together with all reasonable inferences therefrom. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Id.* In addition to the complaint itself, the Court may also properly consider public documents and documents that are referenced in the complaint without converting the motion into one for summary judgment under Fed. R. Civ. P. 12(b) and 56(c). *Id.* at 688. Moreover, "[f]actual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A claim "should not be dismissed unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gilligan v. Jamco Devel. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997). "It is axiomatic that the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). Dismissal without leave to amend is proper only if "it is clear ... that the complaint could not be saved by any amendment." *Lee*, 250 F.3d at 692.

## DISCUSSION

The Real Estate Settlement Procedures Act unambiguously requires lenders and mortgage brokers (when not acting exclusively on behalf of the lender) to disclose to a loan applicant a variety of

information about a proposed loan, including the fact and amount of any yield spread premium to be paid outside closing to the broker by the lender. *See* 12 U.S.C. § 2604(c); 24 C.F.R. 3500.7(b), (c). It is also true that the Truth in Lending Act has similar requirements, at least as they relate to the creditor, and that the "Good Faith Estimate" routinely provided to would-be borrowers is often designed to satisfy the disclosure requirements of both statutory schemes. *See* 12 C.F.R. § 226.18.

**A.    Mortgage Brokers and the Washington Consumer Protection Act (RCW § 19.86)**

Washington law specifically incorporates TILA and RESPA disclosure requirements into the Washington Mortgage Brokers Practices Act, which requires that a mortgage broker provide the borrower with an itemization or good faith estimate of all fees and costs the borrower is to pay in connection with a residential mortgage loan. *See* RCW 19.146.0201(6); 19.146.030. Failure to make timely disclosures under the MBPA, or federal statutes such as TILA and RESPA, constitutes an unfair or deceptive act or practice in violation of the Washington Consumer Protection Act. *See* RCW 19.86 *et seq.*; RCW 19.146.100. The Washington Legislature specifically addressed this issue under RCW 19.146.100, part of the Mortgage Brokers Practices Act, which states as follows:

> Violations of Chapter – Application of Consumer Protection Act
>
> The legislature finds that the practices governed by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. Any violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act or practice and unfair method of competition in the conduct of trade or commerce in violation of RCW 19.86.020. Remedies provided by chapter 19.86 RCW are cumulative and not exclusive.

In the case of mortgage brokers, the legislature's intentions are clear with regard to the CPA and failure to disclose yield spread premiums. The disclosure requirements of RESPA and TILA, including those governing yield spread premiums, have been codified into the Mortgage Brokers Practices Act, and the Act itself allows for a claim to be brought under the CPA when any portion of the MBPA is violated. *See* RCW 19.146.030; 19.146.100. Moreover, this issue is not in dispute, as there have been several cases in Washington that applied the CPA to situations where a mortgage broker allegedly failed to disclose yield spread premiums. *Anderson v. Wells Fargo Home Mortgage, Inc.*, 259 F. Supp. 2d 1143 (2003); *Brazier v. Sec. Pac. Mortgage Inc.*, 245 F. Supp. 2d 1136 (2003); *Shields v. Morgan Fin., Inc.*, 130 Wn. App. 750 (2005) (dismissed on other grounds).

Many industries, including national banks, are specifically exempt from the Mortgage Brokers

ORDER
Page - 5

Practices Act, pursuant to RCW 19.146.020(1)(a). The application of the MBPA to Defendant NovaStar is unclear at this point, because several issues of fact remain unresolved in this matter, including the authority under which Defendant NovaStar operates in the State of Washington.

**B.     Defendant NovaStar's Argument Regarding Federal Regulation and RCW § 19.86.170**

In its Motion to Dismiss, Defendant NovaStar argues that the Washington Consumer Protection Act does not apply to the disclosure of yield spread premiums under RESPA or TILA, because such disclosure is regulated by federal law and therefore excluded from the CPA. Defendant relies on RCW § 19.86.170, a section of the CPA, which states the following:

> Nothing in this chapter shall apply to actions or transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington utilities and transportation commission, the federal power commission or actions or transactions permitted by any other regulatory body or officer acting under statutory authority of this state or the United States ...

In support of its argument, Defendant cites *Miller v. U.S. Bank of Washington*, 72 Wn. App. 416 (1994), in which the Washington Court of Appeals broadly interpreted RCW § 19.86.170 to preempt a claim brought under the CPA that alleged deceptive collection practices on behalf of a national bank, because such practices were specifically governed by federal regulations. In *Miller*, the court found that (1) the relationship between a national bank and its customers concerning whether the bank's loan collection practices are unfair or deceptive is specifically regulated by the Comptroller of the Currency, (2) federal regulation of the banking system is pervasive and state courts are less competent than the Comptroller to resolve such disputes, and (3) state court decisions could potentially conflict with the Comptroller's decisions and regulations. *Id.* at 421-22. The *Miller* court also held:

> The statute [RCW § 19.86.170] does not exempt actions or transactions merely because they are regulated generally; the exemption applies only if the particular practice found to be unfair or deceptive is specifically permitted, prohibited, or regulated.

*Id.* at 420-21 (quoting *Vogt v. Seattle-First Nat'l Bank*, 117 Wn.2d 541, 552 (1991)).

The rule that RCW § 19.86.170 exempts *some* CPA claims, when the underlying subject matter is federally regulated, is not new, having made its way before the Washington Supreme Court on several occasions. *See, e.g., Tanner Elec. Coop. v. Puget Sound Power & Light*, 128 Wn.2d 656, 679-81 (1995); *Vogt*, 117 Wn.2d at 552. However, there appears to be some controversy surrounding how pervasive federal regulation must be before the CPA exempts such a claim. *See Tanner*, 128 Wn.2d at 685


Case 3:05-cv-05835-RJB   Document 16   Filed 03/22/06   Page 7 of 9

(Talmadge, J., concurring). In *Miller,* the Washington Court of Appeals dealt only with the national banking system, which is perhaps one of the most pervasively federally regulated systems in the United States. Defendant NovaStar has asked the Court to extend this protection to its company, which the Court declines to do at this time, for the following reasons.

First and foremost, Defendant NovaStar's Motion involves many questions of fact, which, if analyzed, would require the Court to convert Defendant's 12(b)(6) motion to dismiss into a motion for summary judgment. Specifically, after a careful reading of both parties' briefs, several questions remain, including (1) how to characterize Defendant NovaStar (e.g., national bank), (2) the scope of Defendant NovaStar's lending practices, (3) the extent of federal involvement, if any, with Plaintiffs' loans (e.g., federally subsidized or insured loans), (4) what federal and state statutes authorize Defendant NovaStar's lending practices, (5) what federal and state statutes regulate Defendant NovaStar's lending practices, (6) what specific causes of action can be brought under these federal and state statutes, and (7) the extent of federal regulation with regard to Defendant NovaStar, once its identity is determined. While these questions may be appropriate to resolve in a motion for summary judgment, they are not appropriate to resolve in this motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Second, for the purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the primary question before the Court is whether Plaintiffs have adequately pled a claim upon which relief can be granted. A careful review of Plaintiffs' Complaint shows that Plaintiffs have met this burden by pleading a legally-cognizable claim under the Washington Consumer Protection Act. Specifically, Plaintiffs have alleged a series of events giving rise to a pattern of unfair and deceptive practices, which arguably affect the public's interest. It will be up to Plaintiffs to prove all the elements of a violation of the Washington Consumer Protection Act at the appropriate time. Upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court limits its review to the allegations of material fact set forth in the complaint, which are taken to be true and viewed in the light most favorable to the non-moving party together with all reasonable inferences therefrom. *Pareto*, 139 F.3d at 699. Applying this standard to Plaintiffs' Complaint, there is little left to say other than Plaintiffs have met their burden under Fed. R. Civ. P. 12(b)(6), and their Complaint must advance to the next stage of these proceedings.


Page - 7

### C.     Defendant's Remaining 12(b)(6) Defenses Are Without Merit

Defendant NovaStar argues that Plaintiffs have not properly pled a *per se* violation of the Washington Consumer Protection Act. It appears that Defendant is arguing that, because Plaintiffs reference both the TILA and RESPA in their Complaint, they are attempting to base their CPA claim *solely* on a violation of these statutes. A careful reading of Plaintiffs' Complaint, however, shows that Plaintiffs are only *referencing* TILA and RESPA to support their claim that a pattern of unfair and deceptive conduct has occurred under the Washington Consumer Protection Act. As part of this pattern, Plaintiffs also allege that Defendant (1) made veiled and vague references to the yield spread premiums, (2) generated multiple Good Faith Estimates wherein the one that omitted the fee was provided to the borrower while the version that included the fee was placed in the borrower's file but not shown to the borrower, and (3) used warehouse lines of credit to disguise the identity of the lender in order to avoid the federal disclosure requirements. *See* Complaint, at 5-6. Accordingly, Defendant's argument that Plaintiffs failed to properly plead a *per se* violation of the Washington Consumer Protection Act is without merit.

Defendant NovaStar also argues that Plaintiffs have not adequately pled either a deceptive act or proximately-caused injury. A careful reading of Plaintiffs' Complaint, however, shows that Plaintiffs have alleged many behaviors that could be interpreted as deceptive in nature, including failure to disclose yield spread premiums and providing incorrect Good Faith Estimates, and have also pled damages both in the form of inflated interest payments and inflated exit premiums. Defendant's argument is therefore without merit.

Defendant NovaStar also argues that the claim of Plaintiffs Cameron and Patricia Pierce is outside the scope of the CPA because Cameron Pierce is a mortgage underwriter with sophisticated knowledge of the mortgage industry. Simply stated, the extent of Cameron Pierce's knowledge and expertise is a question of fact, and does not belong in a Fed. R. Civ. P. 12(b)(6) motion to dismiss. While Defendant may attempt to offer this defense in a motion for summary judgment or at trial, along with adequate proof of the matter, the Court declines to analyze it here.

Defendant NovaStar also argues that the claim of Plaintiffs Michael and Gertrude LePage involves a mortgage that was acquired by Defendant NovaStar in a secondary market transaction not subject to

federal disclosure requirements. Again, for the reasons discussed above, such an analysis of fact is not appropriate under a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Moreover, Plaintiffs' claims under the Washington Consumer Protection Act do not rely exclusively on a violation of the TILA and RESPA, but rather allege a pattern of unfair and deceptive practices based only in part on violations of the TILA and RESPA. Plaintiffs Complaint also alleges that Defendant NovaStar has engaged in unfair and deceptive practices through warehouse lines of credit, in an attempt to avoid disclosure of yield spread premiums. For all of these reasons, Defendant's argument is therefore without merit.

Defendant NovaStar also argues that the claim of Plaintiff Karen Kirby fails because the interest rate on her loan in below par and therefore she cannot possibly claim to be damaged. Plaintiff Kirby's damages are a question of fact, and are not the appropriate subject of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Moreover, if Plaintiffs' claims are taken at face value, in a light most favorable to them, the Court can envision several ways a consumer with a "below par" loan can still be tangibly harmed by deception. Defendant's argument is therefore without merit.

## ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 8) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of March, 2006.

Robert J. Bryan
United States District Judge