UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; MARY J. RAY, a single woman, GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife; on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., a foreign corporation,,<br><br>Defendant. | CASE NO. C05-5835RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE |

This matter comes before the Court on Plaintiffs' Motion for Class Certification (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiffs are all borrowers who engaged in loan transactions with defendant NovaStar and claim to have been deceived by NovaStar's failure to disclose its payment of "yield spread premiums" ("YSP"). A yield spread premium is a broker fee paid by lenders to brokers as a monetary incentive to induce borrowers to enter into mortgages with higher interests rates. Dkt. 25 at 4, Dkt. 37 at 2. Brokers also receive an origination fee directly from the borrower. *Id.* The plaintiffs contend that NovaStar's failure to disclose the YSPs is a violation of Washington's

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 1

Consumer Protection Act ("CPA").

The plaintiffs move to certify a class defined as follows:

(1) the borrower entered into a federally regulated mortgage loan that was subject to the requirements of RESPA, 12 U.S.C. § 2602, that was secured by property within the State of Washington, at any time from July 30, 1999, to the present;

(2) in connection with that transaction, Novastar paid a YSP to the borrower's mortgage broker;

(3) in connection with that transaction, neither Novastar nor the broker disclosed to the borrower the YSP on a Good Faith Estimate dated within three days of the date on which Novastar received the loan application; and

(4) in connection with that transaction, the borrower paid the mortgage broker compensation in addition to the YSP that the lender paid.

Dkt. 25. at 17.

## II. DISCUSSION

**A. CLASS CERTIFICATION**

Certification of a class action is appropriate only if the prerequisites of Federal Rule 23(a) are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition, the suit must be maintainable as a class action under Federal Rule 23(b):

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

    (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

    (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 2

applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; ©) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b).

The party moving for class certification bears the burden of proving that the class satisfies the requirements of Federal Rule of Civil Procedure 23. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The Court must engage in a rigorous analysis to determine whether the prerequisites of Federal Rule 23(a) are satisfied. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The movant need not make an extensive evidentiary showing so long as the court is provided enough information to form a reasonable judgment on each certification requirement. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

The court may not conditionally certify a class on the basis of speculation that certification requirements may later be met. *Id.* Where there is insufficient information to make a reasonable judgment on all requirements, Local Rule CR 23 provides that the court may postpone final determination of the issue until more information is available:

> The court may certify the class, may disallow and strike the class allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and necessary in the circumstances. Whenever possible, where the determination is postponed, a date will be fixed by the court for renewal of the motion.

Local Rule CR 23(f)(3). As explained herein, the Court should deny the motion without prejudice because the class has not been properly defined, and the parties have not sufficiently briefed the certification requirements in light of an appropriate class definition.

**B. DEFINITION OF THE CLASS**

As a threshold matter, NovaStar maintains that the class cannot be certified as defined by the plaintiffs because it includes members whose claims are barred by the statute of limitations and

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 3

members who received notice of the YSP outside of their written good faith estimates. NovaStar maintains that these additional proposed class members render the plaintiffs unable to demonstrate that the class should be certified under Federal Rule 23.

**1. The Statute of Limitations**

NovaStar contends that the class must be defined narrowly to include only plaintiffs whose claims accrued within four years, the statute of limitations under the CPA. Dkt. 35-1 at 30; RCW 19.86.120. NovaStar essentially urges that this Court hold that later class actions, such as this one, are not tolled by the filing of a previous class action where certification of the class is denied, regardless of the grounds for the denial.

The plaintiffs contend that their action was tolled by the filing of a previous proposed class action that ultimately settled (*Tandiama v. Novastar Mortgage*, No. 03-0909 (W.D.Wash. 2005)) because the motion to certify in that case was denied due to the deficiency of the named class representatives and not the deficiency of the class itself. Dkt. 47 at 9. *See Tandiama*, Dkt. 137 at 16-18 (denial of motion to certify class based solely upon lack of typicality of the class representatives).

The filing of a class action tolls the statute of limitations with respect to class members who would have been parties if the class action suit had been allowed to proceed. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). This tolling extends to parties wishing to intervene after class certification has been denied or to file their own individual suits. *Id.* at 553; *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983). In *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987), the Ninth Circuit refused to extend tolling to later class actions where the refusal to certify the class was based upon lack of commonality and representativeness. *Catholic Social Services, Inc. v. I.N.S.*, 232 F.3d 1139, 1147 (9th Cir. 2000). Other circuits similarly do not apply tolling to later class actions seeking to cure deficiencies that led to the denial of certification. *See, e.g., Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir. 1998); *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988); *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987); *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1350 (5th Cir. 1985).

In *Catholic School Services, Inc.*, the Ninth Circuit tempered the conclusion in *Robbin* by allowing tolling in a later class action, indicating that the applicability of tolling depends upon the grounds upon which certification was denied. The court in *Catholic School Services, Inc.* recognized two grounds for prohibiting tolling: First, tolling may be prohibited where the movant seeks to merely relitigate the merits of the original denial of class certification. Second, tolling may be prohibited where the movant seeks to correct the procedural deficiency that led to the denial of class certification. *See Catholic Social Services, Inc.*, 232 F.3d at 1147. The court avoided declaring which approach is the law of the Ninth Circuit by distinguishing the case from both of those scenarios:

> There is no claim that the classes . . . were improperly certified . . . . Plaintiffs in the class action now before us thus do not seek to cure any procedural deficiencies in the classes under Rule 23 certified in the first action because there were none. Plaintiffs in this case are thus in a fundamentally different posture from plaintiffs in cases in which subsequent class actions were not allowed.

*Id.* at 1149.

While mindful that tolling should not be applied in a way that allows potential class members to sleep on the their rights, *American Pipe & Const. Co.*, 414 U.S. at 561 (Blackmun, J., concurring), the rationale in *Yang v. Odom*, 392 F.3d 97, 111-12 (3d Cir. 2004) is somewhat persuasive.

First, the court in *Yang* recognized that repeated tolling is inappropriate where the class is unable to put forth a proper class representative. *Yang*, 392 F.3d at 112. This case does not appear to involve repeated tolling and an inability to name proper class representatives.

Second, the *Yang* court recognized that distinguishing between a later class action and potential class members' individual claims (which likely would be tolled by the prior suit) is arbitrary where the original denial of class identification did not identify errors in the class itself. *See id.* at 111-12. Here, the denial of class certification in *Tandiama* was not based upon the class itself. *See Tandiama*, Dkt. 137 at 16-18 (denial of motion to certify class based solely upon lack of typicality of the class representatives). To hold that the statute of limitations would be tolled with respect to the plaintiffs' individual claims but not with respect to their class action seems arbitrary. However, because the Court concludes that the motion to certify should ultimately be

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 5

1  denied on other grounds, the Court declines to definitively rule on the unsettled question of tolling
2  due to prior cases.

### 2. The Nature of the Requisite Disclosure Under the CPA

The plaintiffs define the class to include lending transactions in which "neither Novastar nor the broker disclosed to the borrower the YSP on a Good Faith Estimate dated within three days of the date on which Novastar received the loan application." Dkt. 25 at 17. The class therefore fails to exclude borrowers who received verbal or other notice of the YSP.

NovaStar maintains that only the fact and range of the yield spread premium must be disclosed. *Id.* NovaStar contends that brokers for certain plaintiffs (the Shermans and Ms. Ray) verbally disclosed the YSP. Dkt. 35-2 at 5, 10-11.

The plaintiffs contend that the class is properly defined because brokers' verbal representations are immaterial. The plaintiffs contends that Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), Washington's Consumer Loan Act ("CLA"), and the plaintiffs' real estate deeds all require written disclosures. Dkt. 47 at 5; Dkt. 48-1 at 10 (Ms. Ray's deed requires notices to be in writing). In the reply, the plaintiffs also contend that the burden to disclose rests with NovaStar and not the individual brokers. Dkt. 47 at 14 ("And irrespective of the broker, NovaStar remains responsible for disclosing to the borrower that it is going to pay a YSP in a specific amount . . . ."). However, the plaintiffs' only claim here is under the Washington's Consumer Protection Act ("CPA"). RCW 19.86 *et seq*. The question then becomes whether the CPA requires written disclosure.

The CPA creates a private cause of action. "Any person who is injured in his or her business or property by a violation of RCW 19.86.020 ("unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce"). . . may bring a civil action." RCW 19.86.090. The elements of a private CPA violation are (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) and causes injury to the plaintiff in his or her business or property; and (5) such injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Regarding the second element, trade or commerce "includes the

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 6

sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). The third element, public interest, depends upon the nature of the dispute. In a private dispute, the public interest prong depends upon "the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge Training Stables, Inc.*, 105 Wn.2d at 790. In a consumer transaction, the court must examine several factors:

> (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?

*Id.*

The first two elements may be proved through direct evidence or may be established by a showing that the alleged act constitutes a *per se* unfair trade practice. A *per se* unfair trade practice exists when, by statute, the Legislature declares an unfair or deceptive act in trade or commerce and the statute has been violated. *Id.* at 786. Not every statutory violation falls within the CPA. *State v. Schwab*, 103 Wn.2d 542, 549 (1985). Here, the plaintiffs are alleging that violations of written disclosure requirements under RESPA, TILA, the CLA, and the plaintiffs' real estate deeds all constitute violations of the CPA.

RESPA requires that borrowers be provided a good faith estimate listing the fact and range of settlement charges, including the YSP, within three days of receiving a loan application. *See* 12 U.S.C.§ 2604(c), 24 C.F.R. § 3500.7(b), ©); 24 C.F.R. § 3500, App. A, § L. TILA requires a written itemization of the amount financed that includes amounts paid to other parties by the creditor on the consumer's behalf and identification of such parties. 12 C.F.R. § 226.18 (c)(1)(iii). A disclosure complying with RESPA satisfies this requirement. 12 C.F.R. § 226.18 (c)(1) n.40. The CLA requires "a written disclosure containing an itemized estimation and explanation of all fees and costs that the borrower is required to pay" for loans secured by real property and made by lenders licensed under the CLA. RCW 31.04.102(2). Disclosures that comply with RESPA or TILA satisfy the CLA. *Id.*

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 7

Because the plaintiffs reference RESPA, TILA, and the CLA only as examples against which NovaStar's conduct should be measured, the requirements of those acts are not dispositive of whether NovaStar's conduct constituted an unfair or deceptive act under the CPA. Rather, the proper inquiry is whether failing to provide written disclosures violates the CPA even if the borrowers are aware of the YSP through other sources. The importance of written, as opposed to verbal, disclosures under RESPA, TILA, the CLA, and the plaintiffs' real estate deeds are merely factors to consider in this inquiry. As explained in more detail below, the class as currently defined is too broad to meet certification requirements under Federal Rule 23 because it does not account for verbal disclosures. The Court should deny the motion for certification unless the oral notification issue is somehow addressed.

## C. CLASS CERTIFICATION PREREQUISITES UNDER FEDERAL RULE 23(a)

Certification of a class requires that all prerequisites of numerosity, commonality, typicality, and adequacy are satisfied. *Supra,* page 2.

**1. Numerosity**

The first prong of 23(a) requires evidence that the potential class is so numerous that joinder is impractical. "[I]mpracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Est., Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964).

The plaintiffs contend that they have already discovered 107 loan files that appear to fall within the definition of the class because NovaStar failed to make a proper and timely disclosure of the YSP in writing and because these files involve borrowers who also paid broker compensation fees. Dkt. 27-1 at 7. The plaintiffs also assert that there is a substantial number of files yet to be reviewed. *Id.* NovaStar asserts that the allegation that these 107 files fall within the class definition is conclusory and speculative. Dkt. 35-2 at 14. Because it is unclear the role that verbal broker disclosures of the YSP, and statutes of limitation, may play in the 107 files discovered thus far, the plaintiffs have not yet met their burden of establishing numerosity.

**2. Common Questions of Law or Fact**

The second prong of Federal Rule 23(a) requires evidence that the class members share common issues of law or fact. Fed. R. Civ. P. 23(a). This prong is construed permissively. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). A common course of conduct against all class members satisfies the commonality requirement. See *Blackie*, 524 F.2d at 902. Commonality is satisfied even if there are common legal issues and diverging facts or a common core of facts and differing claims to relief. *Hanlon*, 524 F.2d at 902.

The plaintiffs contend that they share a common set of operative facts: they acquired mortgages with NovaStar through brokers, they paid the brokers a fee, early disclosures did not mention the YSP, and no written disclosure of the YSP was received, if at all, until the final closing documents were signed. Dkt. 25-1 at 18. The plaintiffs contend that their suit raises several legal issues common to the class: whether NovaStar violated RESPA or the Washington Consumer Loan Act; whether such violations constitute a violation of the Washington Consumer Protection Act; whether class members were injured by having to pay higher interest rates than if proper disclosures had been made; and the proper measure of damages. *Id.* at 18-19. These common issues are sufficient to meet the permissive standard under Federal Rule 23 (a)(2).

**3. Typicality**

The typicality requirement is fulfilled if the plaintiffs' claims or defenses are typical of the class as a whole. Fed. R. Civ. P. 23(a)(3). This rule is permissive and requires that the plaintiffs' claims be reasonably co-extensive with, not substantially identical to, those of absent class members. *Hanlon*, 150 F.3d at 1020. NovaStar contends that the class representatives pose individualized issues that are atypical of the class as a whole.

First, NovaStar contends that there are individual factual issues relating to each plaintiff, undermining typicality. Specifically, NovaStar contends that the Shermans had actual knowledge of the YSP and the higher interest rate and that Mr. Pierce is a sophisticated borrower. Dkt. 35-2 at 16. It appears that the plaintiffs have not inquired into whether potential class members had knowledge of the YSP beyond what was mentioned in their good faith estimates, so the Court

cannot yet form a reasonable judgment on whether plaintiffs given verbal notice of the YSP are typical of the class.

Second, NovaStar contends that Ms. Kirby's receipt of a lower interest rate is unique to her. Dkt. 35-2 at 16. Similarly, NovaStar offers evidence that Ms. Ray's broker would not have foregone the YSP without an increase in fees, apparently undermining Ms. Ray's claim of damages. Dkt. 35-2 at 17. As the Court noted in the Order Denying Defendant's Motion to Dismiss (Dkt. 16 at 9), the interest rates and fees on the loans do not resolve the issue of whether the plaintiffs suffered damage. Though it may affect the calculation of Ms. Kirby's damages, her claims and defenses are still reasonably co-extensive with those of the potential class.

Third, NovaStar contends that the LePage loan is outside the scope of RESPA because it is a secondary market transaction and that the compensation involved is not subject to RESPA requirements. Dkt. 35-2 at 16. As noted above, the plaintiffs are using RESPA to illustrate alleged unfairness and deceptiveness and not as the source of their cause of action. Because it is not yet clear whether and to what extent the arguments for requiring written disclosures of YSPs differ in secondary market transactions or whether the LePage loan constitutes such a transaction, the Court is not yet able to form a reasonable judgment on this issue.

The fact that Ms. Ray and Ms. Kirby may not have received lower interest rates even if the YSP had been disclosed in their mortgage transactions does not render their claims atypical of potential class members' claims. Typicality is lacking, however, because the plaintiffs have not inquired into whether potential class members received verbal notice of the YSP and because the Court has not been provided with sufficient information and argument to determine whether the LePage loan, even if it is a secondary market transaction, is typical of potential members' claims.

**4. Adequacy**

The representative parties adequately represent the class only if they have no conflicts of interest with other members and the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020. While the response professes to contest the adequacy prong, NovaStar makes no mention of any conflicts of interest and does not dispute plaintiffs' and their counsel's ability to prosecute on behalf of the class. Because there are

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 10

1  no conflicts of interest between the class representatives and other class members and because

2  plaintiffs' counsel appear able and willing to prosecute vigorously on behalf of the class, the Court

3  should hold that this prerequisite is satisfied. *See* Dkt. 26, 27 at 7.

4  **D. MAINTAINABILITY UNDER FEDERAL RULE 23(b)**

5        If the movants are able to establish the prerequisites of Federal Rule 23(a), they must then

6  demonstrate that the suit is maintainable as a class action under one or more provisions of Federal

7  Rule 23(b). *Supra* at 2-3. The plaintiffs seek certification under Federal Rule 23(b)(3), which

8  requires the plaintiffs to prove that "the questions of law or fact common to the members of the

9  class predominate over any questions affecting only individual members, and that a class action is

10 superior to other available methods for the fair and efficient adjudication of the controversy." Fed.

11 R. Civ. P. 23(b)(3). In making this finding, the court considers the following:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; ©) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id.*

      **A. Predominance**

      NovaStar maintains that there are too many individualized factual issues that predominate over matters common to the class. First, NovaStar contends that the plaintiffs cannot establish proximate cause on a classwide basis because an extensive, individualized inquiry is required. Dkt. 35-2 at 2-5. This argument is premised upon NovaStar's contention that the plaintiffs cannot show that they would have received a "par" interest rate if not for NovaStar's practice. *Id.* NovaStar's view of the plaintiffs' injury is overly narrow and ignores the fact that the plaintiffs were allegedly deprived of the *opportunity* to bargain with their brokers *or other brokers* for a more favorable interest rate or to forgo the loans altogether. The plaintiffs are correct to note that all of these options would have been available to all class members if they had known about the YSPs well in advance of closing. Also, the self-serving affidavits of brokers contending that they would not have accepted a lower YSP do little to refute the plaintiffs' general proposition that a

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 11

yield spread premium, by definition, results in a higher interest rate. *See* Dkt. 37-38.

Second, NovaStar also contends that certain borrowers' independent knowledge of the YSP, despite the lack of written disclosures, requires an individualized inquiry and undermines predominance. As explained above, whether the potential class members knew about the YSP is relevant. Determining the extent of each potential class member's knowledge of the YSP and weighing conflicting evidence about conversations members had with their brokers will cause individual issues to predominate.

Third, NovaStar contends that the plaintiffs must establish their reliance on the lack of written disclosures and that this requires an individualized inquiry. Dkt. 35-2 at 6. In essence, NovaStar argues that CPA claims can never be tried as class actions. It appears that the issue of whether the CPA requires evidence of individual reliance in order to establish a CPA violation, particularly with regard to unfair or deceptive omissions, is an unsettled issue of state law in Washington. *See Pickett v. Holland America Line-Westours, Inc.*, 145 Wn.2d 178, 197 (2001). Having already determined that individual issues of verbal disclosures will predominate, the Court declines to rule on this matter.

Fourth, NovaStar contends that individual issues predominate over common issues with respect to damages, primarily because the variables that determine a borrower's interest rate are unique to the borrower and the transaction and because Ms. Kirby, in particular, received a below par interest rate. Dkt. 35-1 at 11. The measure of damages is common to all class members and predominates despite the likely need for individualized calculations of damages for each plaintiff after class issues are resolved.

Fifth, NovaStar contends that the plaintiffs will not be able to demonstrate that NovaStar's conduct affected the public interest with respect to the entire class. Dkt. 35-2. While individualized questions may play a role in determining whether a defendant's conduct affects the public interest, the predominant considerations are common to the class as a whole. *See Hangman Ridge Training Stables, Inc.*, 105 Wn.2d at 789-91. The CPA's public interest requirement therefore does not defeat predominance.

Finally, NovaStar contends that at the heart of the plaintiffs' claims is a dispute over the

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 12

amount of the YSPs charged and that this subject does not lend itself to class certification. Dkt. 35-1 at 12. NovaStar offers no support for this contention. The plaintiffs' claims focus on the fact and nature of the disclosure of the YSP, and not on the amount. To the extent that the plaintiffs make reference to the amount of the fee, the relevance appears to be whether the borrowers would have sought to further negotiate with the same or a different broker for a lower fee. *See* Dkt. 51 at 2. Merely referencing the amount of the YSP for this purpose does not undermine the predominance of common issues.

With respect to damages and the public interest element under the CPA, common issues predominate.

**B. Superiority**

In determining whether a class action is the superior method of adjudication, the court considers the following:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; ©) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23 (b)(3). NovaStar contends that a class action is not a superior method of adjudicating this case because it would be unmanageable. Dkt. 35-1 at 10. This argument is premised upon NovaStar's contention that individual issues predominate over common issues with respect to the class members' independent knowledge of the YSP and to whether the members' brokers would have given them lower interest rates. Dkt. 35-1 at 11.

The Court agrees that the inclusion of plaintiffs who received verbal disclosures of the YSPs would likely render this suit unmanageable as a class action because it would require evidence unique to each individual class member as to his or her knowledge of the YSP beyond any disclosures made in the good faith estimate.

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 13

### III. CONCLUSION

Because the plaintiffs choose to bring their claims under the CPA, verbal disclosures are relevant to determining whether NovaStar's practice in allegedly failing to disclose its payment of yield spread premiums in writing is unfair and deceptive. The plaintiffs have broadly defined the class to include borrowers who may have been aware of the yield spread premiums through their own knowledge or through discussions with their brokers. As a result, an inquiry into whether each potential class member had such notice of the YSP is required, and such an inquiry defeats certification requirements under Federal Rule 23. This result may have been different if the plaintiffs were suing under acts and provisions strictly requiring written disclosure.

First, the plaintiffs have not yet meet their burden of establishing two of the four prerequisites under Federal Rule 23(a). Specifically, they have not yet demonstrated that potential plaintiffs are so numerous that joinder would be impracticable, as required by Federal Rule 23(a)(1). The plaintiffs also failed to demonstrate that the claims of class representatives who received verbal notice of the yield spread premiums are typical of the class as a whole as required by Federal Rule 23(a)(3). The plaintiffs have succeeded in demonstrating that there are common issues of law and fact pertaining to the sufficiency of NovaStar's disclosures of the yield spread premiums, as required by Federal Rule 23(a)(2). They have also demonstrated that they are adequate representatives of the class.

Second, the plaintiffs also fail to meet their burden of establishing that this action is maintainable as a class action under Federal Rule 23(b). Specifically, the class includes members who received verbal notice of the yield spread premiums, an issue that would likely predominate in the litigation. This issue would require extensive inquiries into each plaintiff's independent basis for knowing about the yield spread premium such that a class action is not the superior method of adjudicating this case.

In addition to being unable to meet certification requirements under Federal Rule 23, the potential class includes members whose claims may be barred by the statute of limitations, despite the potential effect of tolling of the statute during the pendency of the motion to certify the class in *Tandiama*. The Court should therefore deny the motion without prejudice, allowing the parties

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE 14

1 to revisit the issue of whether to request certification of a redefined class or to seek certification
2 of a class with respect to limited issues. *See* Dkt. 47 at 20-21.

### IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Class Certification (Dkt. 25) is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of September, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge