1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; MARY J. RAY, a single woman, GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife; on behalf of themselves and a class of similarly situated individuals,<br><br>              Plaintiffs,<br><br>     v.<br><br>NOVASTAR MORTGAGE, INC., a foreign corporation,<br><br>            Defendant. | CASE NO. C05-5835RJB<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |

19
20
21
22
23
24
25
26
27
28

      This matter comes before the Court on Plaintiffs' Motion to Compel (Dkt. 69-1). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      The class plaintiffs are all borrowers who engaged in loan transactions with defendant NovaStar and claim to have been deceived by NovaStar's failure to disclose its payment of broker fees known as "yield spread premiums" ("YSP"). The plaintiffs brought suit alleging that the failure to provide written disclosure of the YSPs charged on their loans violated Washington's Consumer Protection Act ("CPA"), 19.86 *et seq.*

ORDER
Page 1

On April 4, 2006, plaintiffs' counsel served discovery requests on counsel for NovaStar. Dkt. 69-1 at 3-4. Plaintiffs' counsel conferred with NovaStar's counsel regarding the sufficiency of NovaStar's responses, and the parties agreed that NovaStar would produce documents previously produced in *Tandiama v. NovaStar* in exchange for a delay in moving to compel complete responses. Dkt. 70 at 2. According to plaintiffs' counsel, at lease five loan files are missing from the group of documents produced in *Tandiama*. Counsel for both parties again conferred and were unable to reach agreement. *Id.*

The plaintiffs now move to compel NovaStar to complete its responses to certain discovery requests. Dkt. 69-1. NovaStar opposes the plaintiffs' requests on the following grounds: (1) the request for information regarding complaints filed against NovaStar is too broad because it is not limited by subject matter or jurisdiction; (2) the request for NovaStar's marketing material is not limited by location or by topic and is too broad; (3) information regarding warehouse lines of credit are outside the scope of this case; and (4) NovaStar's profits and revenues are irrelevant to the scope of this case. NovaStar contends th at all documents produced in the *Tandiama* case have been produced here.

## II. DISCUSSION

Federal Rule of Civil Procedure 26 provides as follows

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26 (b)(1). If a party fails to answer an interrogatory, the party may move to compel disclosure pursuant to Rule 37. Fed. R. Civ. P. 37(a)(2)(B). The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves. Fed. R. Civ. P. 37(a)(2)(A). A good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Rule CR 37 (a)(2)(A).

## A. COMPLAINTS AND INVESTIGATIONS

Three of the discovery requests at issue seek information pertaining to lawsuits, claims,

complaints, and investigations:

> INTERROGATORY NO. 13: Identify all lawsuits or consumer complaints filed against NovaStar from April 30, 1999 to the present which concern in any respect NovaStar's practices concerning mortgage transactions secured by a borrower's primary residence.

> REQUEST FOR PRODUCTION NO. 9: Please produce all documents **relating to** complaints or claims filed against **you** that allege a violation of the Washington State Consumer Protection Act, RCW 19.86 et seq., the Fair Housing Act, 42 U.S.C. §3605 et seq.; Truth in Lending Act 15 U.S.C. §1531 et seq., or the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. from January 1, 1999 until the present, and all **documents relating to** the investigation of such complaints or claims.

> REQUEST FOR PRODUCTION NO. 11: Please produce all copies of correspondences or other **documents** provided to the Washington Department Financial Institutions related to any complaint filed from January 1, 1999 to the present.

Dkt. 69-1 at 3-4. NovaStar contends that these requests are too broad because they are not limited by subject matter or jurisdiction. The plaintiffs contend that this information is relevant if it pertains to alleged nondisclosure or "similar unfair practices." *See* Dkt. 69-1 at 7.  Request for Production No. 11 is not limited to alleged nondisclosure or similar unfair practices. The motion to compel should be denied in this respect. Interrogatory No. 13 and Request for Production No. 9 are tailored towards discovery of similar lawsuits and complaints. NovaStar should be compelled to respond to these requests.

**B. MARKETING MATERIALS**

The plaintiffs seek production of NovaStar's marketing to brokers:

> REQUEST FOR PRODUCTION NO. 6: Please produce all advertisements and marketing materials issued to brokers electronically, on paper, or in any other form from April 30, 1999, to the present.

Dkt. 69-1 at 3. NovaStar contends that this request is too broad because it is not limited to material relating to yield spread premiums and to material directed to brokers in Washington State. Dkt. 75 at 8. Limiting the request to advertisements explicitly referencing YSPs or to materials specifically directed at Washington brokers may result in nonproduction of otherwise appropriate materials on the basis of an overly technical definition. Absent evidence that the breadth of this request renders it burdensome, the motion should be granted in this respect.

NovaStar also contends that it has only been formally archiving broker advertising for a

few years. Unless NovaStar demonstrates grounds for limiting the request to only materials

NovaStar has archived, NovaStar has an obligation to comply with an otherwise proper request.

**C. WAREHOUSE LINES OF CREDIT**

The plaintiffs seek production of documents identifying warehouse lines of credit secured

by real property in Washington:

> REQUEST FOR PRODUCTION NO. 13: Please produce copies of all documents
> responsive to Interrogatory Number 7 [seeking identification of warehouse lines of credit
> secured by real property in Washington State funded or held by NovaStar from April 30,
> 1999, to the present].

Dkt. 69-1 at 4. NovaStar contends that this request is too broad because warehouse lines of credit

are used for secondary market transactions, which are not subject to RESPA. The plaintiff

contends that information regarding warehouse lines of credit is relevant to determining whether

an alleged secondary transaction is a bona fide secondary market transaction under RESPA. *See*

24 C.F.R. § 3500.5(b)(7). Whether the LePage loan is a secondary market transaction and

whether evidence of warehouse lines of credit will be admissible are issues not now before the

Court. At this juncture, the plaintiffs have demonstrated that Request for Production No. 13

complies with Federal Rule 26(b), and the motion should be granted in this respect.

**D. INCOME**

The plaintiffs seek evidence of Novastar's income derived from certain mortgage

transactions:

> INTERROGATORY No. 5: State the gross dollar amount of mortgage loans secured by a
> borrower's primary residence that closed through external brokers from April 30, 1999 to
> the present and state the annual income you derived from interest, from all fees associated
> with the loans, from mortgaging [sic] services, and from the sale of such loans.

> REQUEST FOR PRODUCTION NO. 12: Please produce copies of all documents
> responsive to Interrogatory Number 5.

Dkt. 69-1 at 4. The plaintiffs agree to limit these requests to loans secured by property in

Washington State if NovaStar segregates information by state. The plaintiffs further agree to limit

the request to loans that closed from July 15, 1999, to the present. Dkt. 70 at 2. NovaStar objects

on two grounds.

First, NovaStar contends that the information sought is irrelevant to the plaintiffs' claims

because motive is irrelevant to claims under the CPA. Motive may be relevant to determining punitive damages, however. In addition, this information may be relevant to NovaStar's contention that brokers determine whether to charge a YSP and that NovaStar has no interest in whether a YSP is charged.

Second, NovaStar contends that it does not maintain information in the manner sought by the discovery requests. Absent evidence that compilation of this data is unduly burdensome or otherwise improper, the motion should be granted in this respect.

**E. EXPENSES AND ATTORNEY'S FEES**

Federal Rule 37 provides for an award of attorney's fees when a motion to compel is granted in part and denied in part:

> If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

Fed. R. Civ. P. 37(a)(4)(C). Neither the motion nor the response appears to have been made in bad faith, and the Court should therefore decline to award expenses to either party.

The parties are encouraged to meet and confer, attempt to resolve discovery issues in good faith, and use conference calls to chambers before filing further discovery motions.

/
/
/
/
/
/
/

1

2

### III. ORDER

Therefore, it is hereby

3

4

**ORDERED** that Plaintiffs' Motion to Compel (Dkt. 69-1) is **GRANTED in part** and

**DENIED in part** as follows: The defendant is hereby compelled to answer Interrogatory No. 5

5

and 13 completely and to comply with Request for Production No. 6, 9, 12, and 13 forthwith.

6

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

7

of record and to any party appearing *pro se* at said party's last known address.

8

DATED this 14th day of November, 2006

9

10

Robert J. Bryan
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page 6