UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; MARY J. RAY, a single woman, GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife; on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., a foreign corporation,<br><br>Defendant. | CASE NO. C05-5835RJB<br><br>ORDER AMENDING CLASS DEFINITION AND APPOINTING CLASS COUNSEL |

This matter comes before the Court on Defendant NovaStar Mortgage Inc.'s Memorandum of Law Regarding Class Definition (Dkt. 76) and Plaintiffs' Supplemental Submission Regarding the Court's Order Granting Plaintiffs' Renewed Motion for Class Certification (Dkt. 77). The Court has considered the pleadings filed in support of and in opposition to the filings and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The facts and procedural posture of this case were set forth in the Court's Order on the plaintiffs' first motion for class certification and need not be fully restated here. *See* Dkt. 60. The plaintiffs are all borrowers who engaged in loan transactions with defendant NovaStar and claim

ORDER
Page 1

to have been deceived by NovaStar's failure to disclose its payment of broker fees known as "yield spread premiums" ("YSP"). The plaintiffs brought suit alleging that the failure to provide written disclosure of the YSPs charged on their loans violated Washington's Consumer Protection Act, 19.86 *et seq.*

The plaintiffs moved to certify a class of borrowers who were not provided written disclosures. Dkt. 25. The Court denied the motion without prejudice. Dkt. 60. As invited by the Court, the plaintiffs again moved to certify a class. Dkt. 61. The Court heard oral argument on the motion and certified a class as follows:

> [A]n opt-out class that includes every borrower satisfying the following requirements:
>
> (1) the borrower entered into a federally-regulated mortgage loan that was subject to the requirements of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. ("RESPA") and secured by property within the State of Washington, at any time from July 30, 1999, to the present;
>
> (2) in connection with the transaction, NovaStar paid a yield spread premium ("YSP") to the borrower's mortgage broker;
>
> (3) in connection with the transaction, neither NovaStar nor the broker disclosed to the borrower the YSP on a good faith estimate dated within three days of the date on which NovaStar received the loan application; and
>
> (4) in connection with the transaction, the borrower paid the mortgage broker compensation in addition to the YSP that NovaStar paid to the broker.

Dkt. 74 at 11. The Court allowed the parties to propose amendments to the class definition to determine whether borrowers with real property located outside of the Western District of Washington should be excluded, whether the filing of *Tandiama v. Novastar Mortgage*, No. 03-0909 (W.D.Wash. 2005), tolled the statute of limitations as to this case, whether a subclass should be certified, and any remaining issues . *Id.* at 10-11. Both parties have proposed amendments to the class definition.

## II. DISCUSSION

### A. PROPERTY LOCATED OUTSIDE THE WESTERN DISTRICT

In the Order Granting Plaintiffs' Renewed Motion for Class Certification, the Court invited the parties to address whether the class definition raised personal jurisdiction concerns

ORDER
Page 2

because it did not exclude loans involving real property located outside of the Western District of Washington. Dkt. 74 at 10-11. The plaintiffs contend that the inclusion of such loans does not defeat the Court's personal jurisdiction. NovaStar does not address this aspect of the class definition.

Plaintiffs may consent to jurisdiction, and "opt out" procedures are generally a valid method of obtaining such consent. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992 (applying *Phillips Petroleum* to federal court actions.). Whether the opt out procedure ultimately utilized by plaintiffs' counsel will be sufficient to bind class members over which the Court would not otherwise have personal jurisdiction is an issue not now before the Court. The definition of the class should <u>not</u> be modified to exclude loans pertaining to real property outside of the Western District of Washington.

## B. TOLLING OF THE STATUTE OF LIMITATIONS

In the Order Denying Plaintiffs' Motion for Class Certification, the Court declined to rule whether the filing of *Tandiama* tolled the statute of limitations as to this case because the motion was decided on other grounds. Dkt. 60. In the Order on the Plaintiffs' Renewed Motion for Class Certification, the Court allowed the parties to propose, by subsequent motion, narrowing of the class on statute of limitations ground. Dkt. 74. The plaintiffs proposed that the class include loans entered into from July 30, 1999, to the present on the theory that the statute of limitations was tolled by the filing of the amended complaint in *Tandiama*. This date is premised upon the contention that the statute of limitations remained tolled after the motion to certify a class in *Tandiama* was denied on November 23, 2004, after the case was dismissed on November 8, 2005, and until this case was filed on December 30, 2005. Recognizing that tolling applies only until the motion to certify in the previous case was denied, if at all, the plaintiffs now contend that the class definition should be changed to include loans entered into beginning September 4, 2000. Dkt. 79. This date would account for the lapse of time between the denial of class certification in *Tandiama* and the filing of the complaint in this case. *Id.*

Absent a clear indication that the filing of an attempted class action lawsuit tolls later suits seeking class certification in the Ninth Circuit, the Court should hold that this case was not tolled by the filing of *Tandiama*. The class definition should be amended to include only loans entered into on or after December 30, 2001, four years before the complaint was filed in this case.

### C. SUBCLASS

As currently defined, the class does not explicitly exclude secondary market transactions. The plaintiffs have invited the Court to certify a subclass to accommodate secondary market transactions or to leave the definition unchanged. NovaStar proposes no amendments in this regard. Having held that the determination of whether loans fall outside the scope of the class on the grounds that they constitute secondary market transactions does not defeat certification of a class, the Court should decline to certify a subclass or to modify the definition of the class with respect to secondary market transactions.

### D. TIMING OF DISCLOSURES

As currently defined, the class includes loan transactions in which "neither NovaStar nor the broker disclosed to the borrower the YSP on a good faith estimate dated within three days of the date on which NovaStar received the loan application." Dkt. 74 at 11. NovaStar contests this portion of the definition on two grounds:

First, NovaStar contends that NovaStar may rely upon brokers' disclosures of yield spread premiums on good faith estimates and that such estimates need not be dated within three days of *NovaStar's* receipt of the loan application. Second, Novastar contends that RESPA allows for disclosures by the lender within three days of receiving the loan application or at consummation of the loan, whichever is earlier. The plaintiffs agree with these contentions and propose changes to the definition that address these concerns. These proposed amendments should be adopted.

## E. ADEQUACY OF DISCLOSURES

At oral argument, the Court inquired as to whether the plaintiffs intended to argue solely that NovaStar failed to disclose the YSP on good faith estimates altogether or whether the plaintiffs also claimed that the disclosures were sometimes present but inadequate. The plaintiffs make both claims and agree that changing "broker disclosed" to "broker adequately disclosed" would be proper. Dkt. 77 at 5. While NovaStar contends that this minor addition is unnecessary, the Court should amend the definition to account for disclosures that were provided within the requisite time period but were allegedly deficient in substance or in form. *See* Dkt. 78 at 2 (NovaStar's response).

## F. APPOINTMENT OF CLASS COUNSEL

The plaintiffs request that the Court appoint plaintiffs' counsel as class counsel. Dkt. 77 at 5. NovaStar does not object, and the Court has previously held that plaintiffs' counsel appear able and willing to prosecute vigorously on behalf of the class. Dkt. 60 at 11. The Court should therefore appoint plaintiffs' counsel as class counsel.

### III. ORDER

Therefore, it is hereby

**ORDERED** that counsel of record for the class plaintiffs are appointed as class counsel and the definition of the class is **AMENDED** to read as follows:

> An opt-out class that includes every borrower satisfying the following requirements:
>
> (1) the borrower entered into a federally-regulated mortgage loan that was subject to the requirements of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. ("RESPA") and secured by property within the State of Washington, at any time from December 30, 2001, to the present;
>
> (2) in connection with the transaction, NovaStar paid a yield spread premium ("YSP") to the borrower's mortgage broker;
>
> (3) in connection with the transaction, neither NovaStar nor the broker adequately disclosed to the borrower the YSP on a good faith estimate dated no later than three days after the date on which NovaStar received the loan application or, in the case of a loan application received fewer than three days before the borrower signed final loan documents, the date on which the borrower signed final loan documents; and

(4) in connection with the transaction, the borrower paid the mortgage broker compensation in addition to the YSP that NovaStar paid to the broker.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of November, 2006

Robert J. Bryan
United States District Judge