UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; MARY J. RAY, a single woman, GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife; on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., a foreign corporation,<br><br>Defendant. | CASE NO. C05-5835RJB<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO APPROVE CLASS NOTICE AND CLASS NOTICE DISTRIBUTION PLAN |

This matter comes before the Court on Plaintiffs' Motion to Approve Class Notice and Class Notice Distribution Plan (Dkt. 99-1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The class plaintiffs are all borrowers who engaged in loan transactions with defendant NovaStar and claim to have been deceived by NovaStar's failure to disclose its payment of broker fees known as "yield spread premiums" ("YSP"). The plaintiffs brought suit alleging that the failure to provide written disclosure of the YSPs charged on their loans violated Washington's

ORDER
Page 1

Consumer Protection Act ("CPA"), 19.86 *et seq.*

On October 31, 2006, the Court certified a class in this matter pursuant to Federal Rule 23(b)(3). Dkt. 74. On November 14, 2006, the Court amended the class definition to read as follows:

> An opt-out class that includes every borrower satisfying the following requirements:
>
> (1) the borrower entered into a federally-regulated mortgage loan that was subject to the requirements of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. ("RESPA") and secured by property within the State of Washington, at any time from December 30, 2001, to the present;
>
> (2) in connection with the transaction, NovaStar paid a yield spread premium ("YSP") to the borrower's mortgage broker;
>
> (3) in connection with the transaction, neither NovaStar nor the broker adequately disclosed to the borrower the YSP on a good faith estimate dated no later than three days after the date on which NovaStar received the loan application or, in the case of a loan application received fewer than three days before the borrower signed final loan documents, the date on which the borrower signed final loan documents; and
>
> (4) in connection with the transaction, the borrower paid the mortgage broker compensation in addition to the YSP that NovaStar paid to the broker.

Dkt. 86.

## II. STANDARD

Notice to class members is governed by Federal Rule 23(c)(2), which provides, in part, as follows:

> (B) For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
>
> • the nature of the action,
>
> • the definition of the class certified,
>
> • the class claims, issues, or defenses,
>
> • that a class member may enter an appearance through counsel if the member so desires,
>
> • that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and

• the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

## III. DISCUSSION

The plaintiffs move for approval of their Notice of Class Action ("Class Notice") and proposed distribution plan for providing the Class Notice to class members. Dkt. 99-1. Two days before filing the instant motion, the plaintiffs sought NovaStar's input on the plaintiffs' proposals but did not receive a response. NovaStar opposes the motion, contending that the proposed distribution plan is over-inclusive and suggesting changes to the language of the Class Notice to make it more neutral. Dkt. 150-1 at 2. In the reply, the plaintiffs agree to incorporate some of NovaStar's proposed changes to the Class Notice. Dkt. 106 at 2.

## A. DISTRIBUTION PLAN

The plaintiffs propose sending notice, by first class mail, to a mailing list of borrowers who paid YSPs to brokers during the class period. Dkt. 99-1 at 4. According to the motion, 1,657 such borrowers have been identified, and the plaintiffs expect that number to increase after NovaStar provides addresses of Washington borrowers who obtained a loan brokered by NovaStar Home Mortgage, Inc. and funded by a line of credit from NovaStar Mortgage, Inc. *Id.* The plaintiffs intend to review the good faith estimates for such borrowers to determine whether the fact and amount of the YSP were sufficiently disclosed, in which case those borrowers would be removed from the class. Dkt. 100 at 2. The plaintiffs acknowledge that sending notice before reviewing the good faith estimates will result in notice that is over-inclusive but are willing to incur the additional cost of such notice. *Id.* The plaintiffs contend that NovaStar's untimely discovery responses are to blame for the over-inclusive distribution plan. Dkt. 106 at 3.

NovaStar contends that providing notice to the class at this juncture is premature. NovaStar contends that the Plaintiffs' Motion for Partial Summary Judgment (Dkt. 103-1) "has great significance for determining the number of possible class members." Dkt. 105-1 at 5. The motion seeks judgment as a matter of law that certain YSP disclosures prevalent in the good faith estimates are *per se* violations of the Consumer Protection Act. Dkt. 103-1 at 2. A ruling on the

ORDER
Page 3

plaintiffs' motion would likely hold either that certain YSP disclosures are inadequate as a matter of law or that the adequacy of such disclosures must be determined at a later juncture. Whether these disclosures are adequate as a matter of law is not an issue before the Court because NovaStar has not sought partial summary judgment on this issue. The Plaintiffs' Motion for Partial Summary Judgment will not have the effect of determining borrowers' membership in the class but will instead affect class members' burden of proof. The pendency of this motion is an inadequate basis for denying the plaintiff's proposed distribution.

NovaStar anticipates moving for summary judgment on the claims of plaintiffs Gertrude and Michael LePage and believes that the Court's ruling on such a motion would clarify whether loans held by borrowers like the LePages are secondary market transactions and whether such borrowers should be excluded from the class. Dkt. 105-1 at 5. NovaStar has not yet filed its motion, so the Court cannot determine whether these matters preclude sending class notice at this time.

Finally, NovaStar contends that sending notice to non-class members would confuse potential class members and would unfairly prejudice NovaStar Mortgage. Specifically, NovaStar contends that it may have ongoing business relationships with these potential class members and that such relationships would be unfairly jeopardized if notice were sent to non-class members. Dkt. 105-1. The plaintiffs contend that class notice is often over-inclusive, such as when notice is effected through publication, and that NovaStar has exaggerated the extent to which the mailing list is over-inclusive in this case. Dkt. 106 at 4. Individual notice by mail creates a greater expectation than notice by publication, and the plaintiffs should make every effort to provide such notice only to class members. The plaintiffs apparently intend to do so but have not yet had sufficient time or materials.

The Court is aware of the upcoming trial date and the plaintiffs' desire to provide class members with notice as soon as practicable. The Court also notes that the discovery deadline in this case was January 12, 2007. Dkt. 87. The plaintiffs should exercise reasonable efforts to ascertain which borrowers are class members before providing notice of the class action. To allow

the plaintiffs to provide notice to the class before reviewing the good faith estimates and other pertinent documentation would likely require that the plaintiffs provide additional notice to borrowers later determined not to be class members. Instead, the Court should decline to approve the class notice distribution plan without prejudice, allowing the plaintiffs to again request approval after conducting a thorough review of the good faith estimates to determine class membership.

To comply with the Court's instructions, the plaintiffs require documentation that NovaStar has agreed to provide on March 1, 2007. Dkt. 107. In light of the passed discovery deadline, NovaStar is directed to work expeditiously to provide the required documentation forthwith and without delay. Failure to do so may result in sanctions or other corrective action.

Having determined that the proposed class distribution is premature, the Court does not yet reach the question of whether the proposed Class Notice is sufficient. The parties are advised to work together to craft language that is mutually agreeable, "plain, [and] easily understood" before seeking approval from the Court. *See* Fed. R. Civ. P. 23(c)(2)(B). To aid the parties in this endeavor, the Court recommends that the parties consider whether special language should be used on the mailing envelopes and utilize the Federal Judicial Center website's Class Action Notices Page (www.fjc.gov) as a resource.

**B. STATUS OF MARY J. RAY AS CLASS REPRESENTATIVE**

Though apparently not contested by the parties, an additional issue merits the Court's attention. The name of one class representative, Mary J. Ray, is missing from the caption on the plaintiffs' motion. In a footnote, the plaintiffs explain this omission as follows: "Ms. Ray has been removed from this action as a representative plaintiff for the reasons identified in the Declaration of John W. Phillips in Support of Plaintiffs' Motion to Approve Class Notice and Class Notice Distribution Plan ("Phillips Decl.") ¶ 2." Dkt. 99-1 at 1 n.1. The declaration states, "Ms. Ray is unable to meet the requirements of a representative plaintiff at this time due to other personal commitments. While she will remain a class member, we have removed her as a representative plaintiff for the class." Dkt. 100 at 1.

"Removal" of Ms. Ray as a class representative invokes Federal Rule 41(a):

**Subject to the provisions of Rule 23(e)**, . . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed. R. Civ. P. 41(a)(1). Federal Rule 23(e) governs voluntary dismissals in class actions. The plaintiffs have not filed a notice of dismissal, filed a stipulation, sought dismissal by court order under Federal Rule 41(a)(2), or otherwise demonstrated that removal of Ms. Ray as a class representative is proper. Ms. Ray remains a class representative.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Approve Class Notice and Class Notice Distribution Plan (Dkt. 99-1) is **DENIED without prejudice**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of February, 2007.

Robert J. Bryan
United States District Judge