UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife; on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., a foreign corporation,<br><br>Defendant. | CASE NO. C05-5835RJB<br><br>ORDER ON PLAINTIFFS' RENEWED MOTION TO APPROVE CLASS NOTICE AND CLASS NOTICE DISTRIBUTION PLAN |

This matter comes before the Court on Plaintiffs' Renewed Motion to Approve Class Notice and Class Notice Distribution Plan (Dkt. 128). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The class plaintiffs are all borrowers who engaged in loan transactions with defendant NovaStar and claim to have been deceived by NovaStar's failure to disclose its payment of certain broker fees, including "yield spread premiums" ("YSP"). The plaintiffs brought suit alleging that the failure to provide written disclosure of the broker fees charged on their loans violated

ORDER
Page 1

1 Washington's Consumer Protection Act ("CPA"), 19.86 *et seq.*

2     On October 31, 2006, the Court certified a class in this matter pursuant to Federal Rule

3 23(b)(3). Dkt. 74. On November 14, 2006, the Court amended the class definition to read as

4 follows:

5     An opt-out class that includes every borrower satisfying the following

6 requirements:

7     (1) the borrower entered into a federally-regulated mortgage loan that was subject to the requirements of the Real Estate Settlement Procedures Act, 12 U.S.C.
8     §2601 et seq. ("RESPA") and secured by property within the State of Washington, at any time from December 30, 2001, to the present;

9
10     (2) in connection with the transaction, NovaStar paid a yield spread premium ("YSP") to the borrower's mortgage broker;

11     (3) in connection with the transaction, neither NovaStar nor the broker adequately disclosed to the borrower the YSP on a good faith estimate dated no later than
12     three days after the date on which NovaStar received the loan application or, in the case of a loan application received fewer than three days before the borrower
13     signed final loan documents, the date on which the borrower signed final loan documents; and

14
15     (4) in connection with the transaction, the borrower paid the mortgage broker compensation in addition to the YSP that NovaStar paid to the broker.

16 Dkt. 86.

17     On March 27, 2007, the Court found that plaintiffs Gertrude and Michael LePage do not

18 fit the class definition and that their presence in the case may require either decertification or

19 redefinition of the class, or they may be dismissed as class representatives. Dkt. 140 at 8. The

20 Court allowed the parties to submit supplemental briefing on the defendant's motion for summary

21 judgment and re-noted the motion for April 13, 2007. *Id.* at 10.

22     The plaintiffs move for approval of their Notice of Class Action ("Class Notice") and

23 proposed distribution plan for providing the Class Notice to class members. Dkt. 128. The Court

24 previously declined to approve the plaintiffs' proposed class notice distribution scheme to allow

25 the plaintiffs to finish reviewing good faith estimates to determine class membership and again

26 seek approval from the Court. Dkt. 108 at 5. The plaintiffs now renew their motion. Dkt. 129 at

27 3. At the time the renewed motion was filed, class counsel had not yet completed review of the

28

good faith estimates to determine class membership. Dkt. 128 at 2. Before the reply was filed, class counsel determined that 1,750 class members should receive the Class Notice. Dkt. 149 at 2.

## II. STANDARD

Notice to class members is governed by Federal Rule 23(c)(2), which provides, in part, as follows:

> (B) For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
>
> • the nature of the action,
>
> • the definition of the class certified,
>
> • the class claims, issues, or defenses,
>
> • that a class member may enter an appearance through counsel if the member so desires,
>
> • that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
>
> • the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

## III. DISCUSSION

NovaStar urges the Court to deny the motion because it affords class members an insufficient amount of time to opt out and because distribution of the Class Notice would be over-inclusive. Dkt. 142 at 2.

### A. TIME LIMIT FOR OPTING OUT

The parties agree to the form and content of the Class Notice, but NovaStar contends that class members are not allowed a sufficient time to opt out under the plaintiffs' proposal. Dkt. 142 at 7. Under the proposed scheme, class members would have thirty days to postmark their opt out requests. NovaStar contends that class members should be afforded sixty days. Dkt. 142 at 8. NovaStar cites two cases for proposition that a thirty-day opt out period is insufficient.

In *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 834 (3d Cir. 1973), the court deemed a thirty-day opt out period insufficient. *Greenfield* is not binding in the Ninth Circuit and

is distinguishable from this case. In *Greenfield*, notice was effected by publication. *Greenfield*, 483 F.2d at 833. In this case, class members will receive individual notice by mail. In *Greenfield*, class members were required to file a claim within the thirty-day period. *Id.* at 833, 844 ("A one-month period hardly seems sufficient time for brokerage firms to search their records, notify customers, probably by mail, for whom they held shares in street name, received instructions from these customers, again probably by mail, and file the proofs of claim or requests for exclusion."). In this case, class members are under no such affirmative obligation. *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 n.6 (9th Cir. 1977), cited *Greenfield* for the proposition that a thirty-day opt out period is insufficient. Like class members in *Greenfield* but unlike the class members here, *Gypsum* class members were required to file claims. *Gypsum*, 565 F.2d at 1127.

       Finally, NovaStar contends that a longer opt out period is appropriate in light of the "complex nature" of this case. Dkt. 142 at 9. The Court is not persuaded that this case is any more complex than a typical class action. The Court should therefore approve the proposed Class Notice as to the thirty-day opt out period.

**B. DISTRIBUTION PLAN**

       NovaStar also urges the Court to deny the motion because the list of borrowers who would receive notice under the plaintiffs' plan is over-inclusive in two respects. Dkt. 142 at 4. First, NovaStar contends that the plaintiffs' distribution plan does not take into account the Court's ruling that the LePage loan was a secondary market transaction falling outside of the current class definition. Dkt. 142 at 6. NovaStar contends that the plaintiffs' plan would provide notice to 714[1] borrowers who, like the LePages, had loans originated by a correspondent lender. *Id.* The plaintiffs contend that the 714 loans include loans subject to RESPA, warehouse loans as to which the Court made no ruling, and some loans similar to the LePage loan. Dkt. 148 at 3.

       NovaStar also contends that the plaintiffs' list of class members who should receive notice is over-inclusive because it includes twenty-one good faith estimates that disclosed the YSP as a

---

[1] The Court notes that the response also lists the number of loans constituting secondary market transactions as 715. Dkt. 142 at 5.

ORDER
Page 4

fixed amount before the settlement date. Dkt. 142 at 7 n.5. The plaintiffs contend that the good faith estimates for these loans fail to adequately reference the YSP or are undated, unsigned, or both. Dkt. 148 at 3 n.1.

The Court is not yet able to determine whether the disputed loans fall within the class definition. The parties' dispute over the 714 loans is an issue better left for summary judgment or trial. The Court should therefore approve the proposed distribution list.

**C. CHANGES TO CLASS NOTICE**

The plaintiffs will seek "minor amendments to the class definition" and propose changes to the Class Notice to accommodate future rulings regarding the definition of the class. Dkt. 148 at 3, 6. Specifically, the plaintiffs would make two changes. First, the plaintiffs would substitute "subject to the requirements of Washington law" for "subject to the requirements of RESPA." *Id.* The plaintiffs would also substitute "money to your mortgage broker in return for negotiating a higher interest loan for you ("Payment")" for "NovaStar paid a yield spread premium ("YSP")." Dkt. 148 at 6. This suggestion appears for the first time in the reply, and the defendant has therefore not been afforded a chance to reply. The Court notes that at the time the motion was filed, the Court had not yet ruled on NovaStar's motion for summary judgment. The plaintiffs offer a proposed Class Notice that incorporates these changes as well as the new trial date and the date by which opt-out requests must be postmarked. *See* Dkt. 149 at 30. The Court notes that this proposed Class Notice erroneously lists the new trial date as May 4, 2007, rather than May 7, 2007. *See id.* at 31; Dkt. 144 (Minute Order Rescheduling Trial Date).

Because the Court may decertify or redefine the class (Dkt. 140 at 10) and because Federal Rule 23 requires that the Class Notice include the "definition of the class certified," sending class notice at this juncture would be premature. *See* Dkt. 149 at 31 (The proposed class notice states, "You are a class member if . . . ."); Fed. R. Civ. P. 23(c)(2)(B). The Court is aware that delaying a ruling on the proposed Class Notice may jeopardize the May 7, 2007, trial date, but the Court is reluctant to move the trial date at this time. The Court should therefore reserve its ruling on the Plaintiffs' Renewed Motion to Approve Class Notice and Class Notice

Distribution Plan (Dkt. 128) until after the Court rules on the remaining issues in Defendant NovaStar's Motion for Summary Judgment (Dkt. 112) and determines whether the class should be redefined.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that a ruling on Plaintiffs' Renewed Motion to Approve Class Notice and Class Notice Distribution Plan (Dkt. 99-1) is reserved pending resolution of Defendant NovaStar's Motion for Summary Judgment (Dkt. 112).

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of April, 2007.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge