1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12

13

14

15

16

17

18

19

20

21

CAMERON PIERCE and PATRICIA
PIERCE, husband and wife; KAREN KIRBY,
a single woman; GREGORY SHERMAN and
PAULA SHERMAN, husband and wife,
MICHAEL LEPAGE and GERTRUDE
LEPAGE, husband and wife; on behalf of
themselves and a class of similarly situated
individuals,

Plaintiffs,

v.

NOVASTAR MORTGAGE, INC., a foreign
corporation,

Defendant.

CASE NO. C05-5835RJB

ORDER DENYING
DEFENDANT NOVASTAR
MORTGAGE INC.'S MOTION
FOR RECONSIDERATION

22

23

24

25

This matter comes before the Court on Defendant NovaStar Mortgage, Inc.'s Motion for

Reconsideration (Dkt. 196). The Court has considered the motion and the remainder of the file

herein.

26

ORDER
Page 1

# I. FACTUAL AND PROCEDURAL BACKGROUND

The class plaintiffs are all borrowers who engaged in loan transactions with NovaStar Mortgage, Inc. ("NovaStar Mortgage") and claim to have been deceived by NovaStar Mortgage's failure to adequately disclose its payment to brokers on good faith estimates. The plaintiffs brought suit alleging that the failure to provide written disclosure of these payments resulted in higher interest rates on their loans and violated Washington's Consumer Protection Act ("CPA"), 19.86 *et seq.*

On March 27, 2007, the Court held that "the LePage loan constitutes a secondary market transaction to which RESPA does not apply." Dkt. 140 at 8. The Court further held that summary judgment as to the LePage loan was improper because "the plaintiffs may indeed be able to establish that NovaStar committed an unfair or deceptive act or practice with respect to the LePage loan despite that loan not being subject to RESPA." *Id.* The Court allowed the parties to submit supplemental briefing to address "whether the Court should **dismiss the LePages** without prejudice so that the case may proceed as a class action or **deny summary judgment** as to the LePages and decertify or redefine the class." *Id.* at 8-9 (emphasis added).

As invited by the Court, the parties submitted supplemental briefing. Based upon that briefing, the Court denied summary judgment as to the LePages and redefined the class to include secondary market transactions. Dkt. 177 at 5. NovaStar moves for reconsideration of that Order.

# II. DISCUSSION

Local Rule CR 7(h) provides as follows:

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

ORDER
Page 2

Local Rule CR 7(h). NovaStar Mortgage contends that the Court's Order Denying Defendant NovaStar's Motion for Summary Judgment, Granting Plaintiffs' Renewed Motion to Approve Class Notice and Class Distribution Plan, and Amending Class Definition (Dkt. 177) constitutes manifest error in two respects. *See* Dkt. 196 at 2.

First, NovaStar Mortgage contends that "the Court erred both in failing to rule on the purely legal issue of whether the CPA applies to secondary market transactions and in concluding that NovaStar somehow waived its right to challenge that phantom ruling." Dkt. 196 at 7.

NovaStar Mortgage apparently misunderstands the Court's March 27, 2007, ruling and invitation for supplemental briefing. *See* Dkt. 140. NovaStar Mortgage construes the Court's Order amending the class definition as based on the "apparent belief that (1) [the Court] issued a ruling that plaintiffs had in fact actually stated a claim under the CPA in the absence of a RESPA violation; and (2) NovaStar waived it[s] right to challenge that ruling by failing to ask the Court to reconsider it." Dkt. 196 at 7.

The Court held that summary judgment should be denied as to the plaintiffs' claim that the LePage loan violated the CPA. Dkt. 140 at 8. The Court invited supplemental briefing as to whether to (1) dismiss the LePages or (2) deny summary judgment as to the LePages and decertify or redefine the class. *Id.* at 8-9. Having determined that summary judgment should be denied as to the LePages, the Court did not invite supplemental briefing as to whether summary should be granted as to the LePages. *See id.*

Both parties nevertheless provided such briefing, but the Court declined to revisit its ruling. The Court addressed the supplemental briefing on this point as follows:

ORDER
Page 3

1
2
3
4
5
6
7

> This issue was fully briefed before the Court invited supplemental briefing and was not a subject upon which the Court sought additional briefing. *See* Dkt. 125 at 19-21 (response addressing whether the LePage loan supports a CPA violation independent from RESPA disclosure requirements); Dkt. 130 at 9-10 (reply addressing same). The Court ruled, "Because it appears that the plaintiffs may indeed be able to establish that NovaStar committed an unfair or deceptive act or practice with respect to the LePage loan despite that loan not being subject to RESPA, the Court should deny the motion as to the LePages." Dkt. 140 at 8. NovaStar Mortgage has not sought reconsideration of this ruling, and the ruling stands. Whether the LePage loan and similar class loans support a violation of the CPA independent from statutory disclosure requirements is an issue for trial.

8

Dkt. 177 at 8. NovaStar Mortgage fails to demonstrate that the question of whether the LePage

9

loan violates the CPA was an issue before the Court or that the Court committed manifest error

10

by not modifying its prior ruling on the basis of the parties' supplemental briefing.

11

Second, NovaStar Mortgage contends that "the Court erred as a matter of law when it

12

redefined the class to include secondary market transactions . . . because (1) such loans are not

13

subject to RESPA's disclosure requirements; (2) plaintiffs have not – and cannot – articulate any

14

other legal obligation by NovaStar to make the type of disclosures demanded by plaintiffs; and (3)

15
16

in the absence of such an obligation, plaintiffs may not properly invoke the CPA as a basis for

17

liability against NovaStar." *Id.* NovaStar Mortgage contends that the Court erred in redefining the

18

class because including secondary market transactions in the class is inconsistent with the Court's

19

prior rulings. *See* Dkt. 61 (Plaintiffs contending that "[t]he class does not include secondary

20

market transactions because the written disclosure requirements for such loans are different.");

21

Dkt. 74 at 10 ("In determining whether particular loans fall within or outside the class, secondary

22
23

market transactions must be excluded.").

24

The Court's "prior rulings" were issued under a different class definition. Before the class

25

was redefined, both parties agreed that the class did not include secondary market transactions.

26

ORDER
Page 4

*See* Dkt. 74 at 9. The parties were afforded an opportunity to address whether the class should be

redefined. *See* Dkt. 140 at 10. Rather than address the plaintiffs' proposed redefinition, NovaStar

Mortgage argued that summary judgment should be granted as to the LePage loan. *See* Dkt. 172

at 10-14. Absent evidence that modifying the class definition to include such transactions would

be improper, the Court redefined the class. NovaStar Mortgage fails to demonstrate that

redefining the class, despite the fact that secondary market transactions did not fall within the

previous class definition, constitutes manifest error. While the plaintiffs may or may not succeed

on their claim that secondary market transactions similar to the LePage loan were unfair and

deceptive under the CPA, NovaStar Mortgage failed to demonstrate that this claims should not be

litigated as a class claim. The Court should therefore deny the motion.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant NovaStar Mortgage, Inc.'s Motion for Reconsideration (Dkt. 196)

is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

record and to any party appearing pro se at said party's last known address.

DATED this 7th day of May, 2007.

ROBERT J. BRYAN
United States District Judge

ORDER
Page 5