UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife; on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., a foreign corporation,<br><br>Defendant. | CASE NO. C05-5835RJB<br><br>ORDER (1) DENYING DEFENDANT NOVASTAR MORTGAGE, INC.'S MOTION FOR COMPULSORY JOINDER, (2) GRANTING PLAINTIFFS' AMENDED MOTION TO DESIGNATE TWO ADDITIONAL CLASS REPRESENTATIVES, (3) AMENDING CAPTION, (4) AND DENYING DEFENDANT NOVASTAR MORTGAGE, INC.'S MOTION TO CONTINUE TRIAL DATE |

This matter comes before the Court on Defendant NovaStar Mortgage, Inc.'s Motion for Compulsory Joinder of Absent Persons as Defendants (Dkt. 195), Plaintiffs' Amended Motion to Designate Two Additional Class Representatives (Dkt. 200, amending Dkt. 192), and Defendant

ORDER
Page 1

NovaStar Mortgage, Inc.'s Motion to Continue Trial Date (Dkt. 197). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The class plaintiffs are all borrowers who engaged in loan transactions with NovaStar Mortgage, Inc. ("NovaStar Mortgage") and claim to have been deceived by NovaStar Mortgage's failure to adequately disclose its payment to brokers on good faith estimates. The plaintiffs brought suit alleging that the failure to provide written disclosure of these payments resulted in higher interest rates on their loans and violated Washington's Consumer Protection Act ("CPA"), 19.86 *et seq*.

On April 19, 2007, the Court amended the class definition to read as follows:

(1) You entered into a federally-regulated mortgage loan that was subject to the requirements of Washington law and secured by property within the State of Washington, at any time from December 30, 2001, to the present;

(2) NovaStar paid money to your mortgage broker ("Payment") in return for negotiating a higher interest loan for you;

(3) Neither NovaStar nor the broker adequately disclosed to you the Payment on a good faith estimate dated no later than three days after the date on which NovaStar received the loan application or, if your application was received fewer than three days before you signed final loan documents, the date on which you signed final loan documents; and

(4) You paid the mortgage broker compensation in the form of an "origination fee" or "broker fee" in addition to the Payment that NovaStar paid to the broker.

Dkt. 177 at 9-10.

On April 19, 2007, the Court approved the plaintiff's proposed form of class notice but left blank the trial date, explicitly noting that the trial date would likely change and that the issue

would be discussed at the Pretrial Conference. Dkt. 177 at 8. On April 20, 2007, the Court held a Pretrial Conference at which counsel for both parties agreed that class representatives should be appointed to represent class members who obtained loans funded with a NovaStar Capital, Inc. ("NovaStar Capital") line of credit and class members who obtained loans from NovaStar Home Mortgage, Inc. ("NovaStar Home Mortgage"). *See* Dkt. 183. At that time, the plaintiffs suggested appointment of Jennifer Teders and Stephen Bowden as class representatives. *See* Dkt. 200 at 2 n.1. NovaStar Mortgage later informed the plaintiffs that Ms. Teders's loan was not funded by a NovaStar Capital line of credit, rendering Ms. Teders inadequate to represent such loans. *Id.*

At the Pretrial Conference, the parties also discussed the pretrial schedule and proposed June 11, 2007, as an alternate trial date. Counsel for the plaintiffs indicated that counsel for both sides would be available June 11, 2007. Dkt. 188 at 51. Counsel for NovaStar Mortgage recommended a trial date later in June or in July in light of the "additional work" associated with naming two new class representatives. *Id.* at 53. In light of scheduling conflicts with the two attorneys identified as trial counsel for NovaStar Mortgage, the defendant's counsel recommended that trial commence "no earlier than June 11, preferably June 18th and . . . before mid July." *Id.*

The Court struck the May 7, 2007, trial date and, after hearing from counsel from both sides, rescheduled the trial for June 11, 2007. *See* Dkt. 183. The Court also set various pretrial deadlines, including a deadline for deposing proposed additional class representatives. Dkt. 184 at 2. The Class Notice, listing the trial date as June 11, 2007, has been sent. Dkt. 189, 178.

The plaintiffs moved for appointment of two new class representatives on May 1, 2007. Dkt. 192. On May 7, 2007, the plaintiffs filed an Amended Motion to Designate Two Additional Class Representatives because one of the class representatives identified in the initial motion was no longer willing or able to serve as class representative. Dkt. 200 at 2; Dkt. 201 at 1. For "logistical reasons," the plaintiffs no longer propose Mr. Bowden as a class representative and instead offer Ralph Martinelli. Dkt. 200 at 2 n.1.

NovaStar Mortgage now moves for continuance of the trial "to a mutually acceptable date in August." Dkt. 197 at 1. NovaStar Mortgage contends that the schedules of NovaStar Mortgage's national counsel, Mitchel Kider, and local counsel, Sal Mungia, conflict with the June 11, 2007, trial date. *Id.* NovaStar Mortgage also contends that the possible addition of two new class representatives and joinder of correspondent lenders as defendants would require additional discovery and trial preparation that cannot reasonably be completed before June 11, 2007. *Id.* at 2.

On May 2, 2007, NovaStar Mortgage filed a Motion for Compulsory Joinder of Absent Persons as Defendants. Dkt. 195. Because the motions are noted for consideration on May 18, 2007, and concern the addition of parties and the trial schedule, the Court has considered the three motions together.

## II. DISCUSSION

**A. PLAINTIFFS' AMENDED MOTION TO DESIGNATE TWO ADDITIONAL CLASS REPRESENTATIVES**

The plaintiffs seek appointment of Larry Brown to represent 490 class members who obtained loans through NovaStar Home Mortgage and appointment of Ralph Martinelli to

represent 64 class members who obtained loans funded a NovaStar Capital line of credit. Dkt. 200 at 1-2.

NovaStar Mortgage opposes the plaintiffs' motion for appointment of additional class representatives solely on the grounds that the proffered representatives' claims are not typical of the groups of class members they seek to represent. Dkt. 209 at 1.

The typicality requirement is fulfilled if the plaintiffs' claims are typical of the class as a whole. Fed. R. Civ. P. 23(a)(3). This rule is permissive and requires that the plaintiffs' claims be reasonably co-extensive with, not substantially identical to, those of absent class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Typicality is satisfied if each class member's claim arises from the same course of events and each class member makes similar legal arguments. *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001), *cert. denied*, 537 U.S. 812 (2002). The purpose of these requirements is to ensure that class members' interests will be fairly and adequately protected and that maintenance of a class action is economical. *Id.*

First, NovaStar Mortgage opposes the motion on the grounds that the proffered representatives' yield spread premium ("YSP") disclosures of 0-3% are not typical of certain class members' YSP disclosures (such as 0-2%, 1-3%, and $2,000 - $4,000). Dkt. 209 at 9-10.

As the plaintiffs contend, the proffered representatives' claims are sufficiently typical of other class members whose disclosures were provided in a range beginning with zero. In other words, the Court is not convinced that "0-2%" differs from "0-3%" such that one is not representative of the other.

No class representative received a good faith estimate disclosing a YSP range beginning at more than zero or stated solely as a dollar figure, but NovaStar Mortgage contends that such disclosures are included in the class. *See* Dkt. 27-6, Exh. 29 at 5 (Sherman good faith estimate); Dkt. 27-4, Exh. 10 at 2 (Pierce good faith estimate); Dkt. 27-4, Exh. 17 at 29 (Kirby good faith estimate); Dkt. 27-6, Exh. 34 at 19 (LePage good faith estimate). According to the plaintiffs, no class member received such a disclosure on a *timely* good faith estimate. *See* Dkt. 214 at 6; Dkt. 215 at 2. The current and proposed class representatives' claims are reasonably co-extensive with absent class members' claims that broker payments were inadequately disclosed as a range beginning with zero, were disclosed on an untimely good faith estimate, or were never disclosed at all. The Court should decline to rule that the proposed additional class representatives are atypical on this basis.

The defendant also contends that appointment of Mr. Martinelli as a class representative would be inappropriate because Mr. Martinelli received oral notice of the YSP charged on his loan. Dkt. 209 at 9; Dkt. 209-4, Exh. 7 at 18. The Court has previously held that verbal disclosures are arguably irrelevant to claims based upon violation of Real Estate Settlement Procedures Act ("RESPA") disclosure requirements such that class certification was proper. Dkt. 74. The Court has also noted that verbal disclosures may be relevant to bona fide secondary market transactions not subject to RESPA. *See* Dkt. 140 at 8. The Court has not held that NovaStar Capital loans, such as Mr. Martinelli's loan, are secondary market transactions. The Court should therefore decline to rule that evidence of whether Mr. Martinelli received verbal notice of the YSP charged on his loan renders his claim atypical of the class. The Plaintiffs' Amended Motion to Designate Two Additional Class Representatives (Dkt. 200)

should be granted. Accordingly, the caption in this case should be amended to read as follows: "Cameron Pierce and Patricia Pierce, husband and wife; Karen Kirby, a single woman; Gregory Sherman and Paula Sherman, husband and wife; Michael LePage and Gertrude LePage, husband and wife; Larry Brown, a single man; and Ralph Martinelli, a single man, on behalf of themselves and a class of similarly situated individuals, Plaintiffs, v. NovaStar Mortgage, Inc., a foreign corporation, Defendant." All future pleadings shall bear this caption.

**B.    NOVASTAR MORTGAGE, INC.'S MOTION FOR COMPULSORY JOINDER OF ABSENT PERSONS AS DEFENDANTS**

NovaStar Mortgage moves for joinder of correspondent lenders as necessary parties. Dkt. 195. The plaintiffs contend that the motion should be denied as untimely and for failure to preserve the joinder defense in the pretrial order.

**1. Timeliness of Motion**

The deadline for joining additional parties in this case was May 8, 2006, over one year ago. Dkt. 21. NovaStar Mortgage first asserted joinder as an affirmative defense in its answer. Dkt. 22. While the deadline for joining additional parties has passed, the joinder of parties may be "feasible" even though untimely. *See* Fed. R. Civ. P. 19. The Court should therefore consider the merits of the defendant's motion and decline to deny the motion as untimely.

**2. Waiver of Defense**

In their response, the plaintiffs contend that NovaStar Mortgage has waived the affirmative defense of failure to join a necessary party because the defense was not asserted in the parties' pretrial order. Dkt. 207 at 3-4. Federal Rule 16(e) governs pretrial orders and provides as follows:

> Pretrial Orders. After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice.

Fed. R. Civ. P. 16(e). Pretrial orders play an important role in limiting issues for trial:

> [A] party need offer no proof at trial as to matters agreed to in the order, nor may a party offer evidence or advance theories at the trial which are not included in the order or which contradict its terms. Disregard of these principles would bring back the days of trial by ambush and discourage timely preparation by the parties for trial.

*U.S. v. First Nat. Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981). A pretrial order has the effect of amending the pleadings and controlling the course of litigation. *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 924 (9th Cir. 1988). A defendant must enumerate its defenses, even where the plaintiff bears the burden of proof. *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 1470 (2006); *Northwest Acceptance Corp.*, 841 F.2d at 924 (defense waived where it was not raised in the pretrial order or before trial).

A pretrial order should be liberally construed to allow theories at trial that are at least implicitly included in the order. *See First Nat. Bank of Circle*, 652 F.2d at 886. A defense is preserved if the pretrial order makes some reference to the defense such that the other party should have been alerted to, and prepared for, assertion of the defense. *See El-Hakem*, 415 F.3d at 1077. In its discretion, the trial court may modify a pretrial order. *See id*.

The Court has not yet entered a pretrial order in this case. The parties have submitted two joint pretrial orders, and the plaintiffs have submitted their own proposed pretrial order. Dkt. 139; Dkt. 199; Dkt. 202-2 (plaintiffs' proposed pretrial order). None of the proposed pretrial orders lists failure to join necessary or indispensable parties as an affirmative defense.

ORDER
Page 8

*See* Dkt. 139 at 4; Dkt. 199 at 2. Liberally construed, NovaStar Mortgage's factual allegations in the proposed pretrial orders regarding the LePage loan were sufficient to put the plaintiffs on notice of this theory. *See* Dkt. 139 at 4; Dkt. 199 at 2. In addition, the second proposed pretrial order notes the pendency of the defendant's motion regarding joinder and that the defendant may seek to call joined correspondent lenders to testify. Dkt. 199 at 10. The Court should therefore decline to deny the motion for failure to raise the defense in the pretrial order.

### 3. Joinder of Necessary Parties

NovaStar Mortgage moves for joinder of correspondent lenders as necessary parties on the following grounds: (1) failure to join certain correspondent lenders will prevent class members from obtaining relief; (2) absence of correspondent lenders will impede the ability of such lenders to "protect against a potential ruling that their disclosures were inadequate"; and (3) absent correspondent lenders could be exposed to liability from NovaStar Mortgage under the terms of their correspondent lender agreements. Dkt. 195 at 2.

Federal Rule 19 governs joinder of persons and provides, in relevant part, as follows:

> Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if
>
> > (1) in the person's absence complete relief cannot be accorded among those already parties, or
> >
> > (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> > > (I) as a practical matter impair or impede the person's ability to protect that interest . . . .
>
> If the person has not been so joined, the court **shall** order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party

ORDER
Page 9

objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a) (emphasis added).

### a. Complete Relief

Federal Rule 19 provides for joinder of persons in whose absence complete relief cannot be afforded: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if [] in the person's absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a)(1). NovaStar Mortgage contends that class members cannot obtain complete relief unless correspondent lenders are joined as defendants. Dkt. 195 at 5. NovaStar Mortgage contends that for loans it purchased on the secondary market, it was not a lender and was not required to provide a good faith estimate. *Id.* at 4. If the jury is persuaded that NovaStar Mortgage was merely a purchaser of certain loans funded by other lenders and that the good faith estimates on these loans were inadequate, class members may nevertheless be unable to recover if NovaStar Mortgage was not the provider of the good faith estimates and was under no obligation to provide good faith estimates of its own. It does not follow, however, that the class would not be able to obtain complete relief without joinder of the lenders. At most, NovaStar Mortgage demonstrates only that class members would not be able to obtain relief from NovaStar Mortgage. That the plaintiffs' claims against NovaStar Mortgage may ultimately be unsuccessful does not require joinder of other defendants against whom the plaintiffs may later successfully assert claims. The Court should decline to order joinder on this basis.

### b. Prejudice to Absent Persons

Federal Rule 19 provides for joinder of persons to prevent prejudice to absent persons: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may [] as a practical matter impair or impede the person's ability to protect that interest." Fed. R. Civ. P. 19(a)(2)(i).

NovaStar Mortgage contends that the ability of correspondent lenders to defend against claims that their disclosures were inadequate will be impaired if the correspondent lenders are not joined as defendants. Dkt. 195 at 6. NovaStar Mortgage contends that this case is analogous to *American Greyhound Racing, Inc.*, in which the Ninth Circuit held that certain Arizona tribes were necessary parties to a case that enjoined the Governor of Arizona from renewing gaming compacts with those tribes. *American Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1021-23 (9th Cir. 2002) The court noted that the injunction amounted to a declaratory judgment that the tribes' conduct was unlawful. *Id.* at 1024.

This case would not effectively rule on the legality of absent correspondent lenders' conduct. The plaintiffs do not allege that correspondent lenders provided inadequate disclosures of broker payments on good faith estimates. The plaintiffs' claims are focused only upon the good faith estimates provided by NovaStar Mortgage and by brokers. *See* Dkt. 177 at 10 (The class definition reads, in part, "Neither NovaStar nor the broker adequately disclosed to you the Payment on a good faith estimate."). Claims regarding the adequacy of correspondent lenders' good faith estimates are beyond the class definition, are not the subject of this case, and will not

be before the jury. There being no claim that correspondent lenders' disclosures were inadequate, correspondent lenders need not be joined to defend against such claims.

NovaStar Mortgage also contends that correspondent lenders' interests under certain agreements with NovaStar Mortgage (Correspondent Lender Purchase and Sale Agreements) cannot be protected absent joinder. Dkt. 195 at 6. The defendant contends that "[a] determination in this action that they [correspondent lenders] violated Washington law in originating the loans would necessarily oblige them to indemnify NovaStar for any losses it suffered as a result of its acquisition of the loans." *Id.* at 7; *see also* Dkt. 195-2, Ex. A (representative sample agreement) at 8-9 (Correspondent lender agrees to indemnify NovaStar Mortgage for losses resulting from the correspondent lender's breach of representations, warranties, or covenants.). Again, whether correspondent lenders violated Washington law or breached obligations owed to NovaStar Mortgage are issues beyond the bounds of this case. NovaStar Mortgage fails to demonstrate that a judgment regarding the lawfulness of its own conduct will determine or implicate whether correspondent lenders are required to indemnify NovaStar Mortgage. NovaStar Mortgage fails to demonstrate that joinder is justified on the basis that correspondent lenders would otherwise be impaired in their ability to protect their interests. The Court should decline to rule that correspondent lenders are necessary parties to be joined if feasible.

### c. Prejudice to NovaStar Mortgage

Federal Rule 19 provides for joinder of persons to prevent prejudice to current parties: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . the

person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may []leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(2)(ii).

As the plaintiffs point out in the response, NovaStar Mortgage's motion did not seek joinder under Federal Rule 19(a)(2)(ii). Dkt. 207 at 7 n.2. NovaStar Mortgage makes such an argument for the first time in the reply, contending "correspondent lenders must also be joined because failure to do so could leave NovaStar facing inconsistent obligations." Dkt. 216 at 9. The plaintiffs have not had an opportunity to respond to this argument, and the Court should decline to consider it. *See Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 843 n.6 (9th Cir.2004) (declining to consider argument raised first in the reply).

**4. Third-Party Defendants**

In the reply, NovaStar Mortgage seeks, as an alternative to joinder of correspondent lenders as necessary parties, leave to file a complaint against correspondent parties as third-party defendants. Federal Rule 14(a) governs third-party defendants and provides, in relevant part, as follows:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

Fed. R. Civ. P. 14(a). This request was not made in the original motion, and the plaintiffs have been deprived of an opportunity to respond. The Court should therefore decline to determine

ORDER
Page 13

whether to grant NovaStar Mortgage leave to serve a summons and complaint upon correspondent lenders as third-party defendants.

## C. DEFENDANT NOVASTAR MORTGAGE, INC.'S MOTION TO CONTINUE TRIAL DATE

Trial courts have broad discretion in deciding whether to grant or deny a request for a continuance. *U.S. v. Flynt*, 756 F.2d 1352, 1358 (1985), *amended by* 764 F.2d 675 (9th Cir. 1985). In this case, the trial has been rescheduled three times. Dkt. 87 (by stipulation of the parties); Dkt. 143 (to allow for sufficient time to provide notice to the class); Dkt. 183 (same). As a threshold matter, it is extremely unfortunate and frustrating that scheduling conflicts with the June 11, 2007, trial date were not resolved at the Pretrial Conference, when the trial was rescheduled for the third time, and before notice was sent to class members. NovaStar Mortgage offers several justifications for continuing the trial date.

First, NovaStar Mortgage asks that the Court continue the trial date so that Mr. Kider, counsel for NovaStar Mortgage, may attend his son's graduation and assist his son in moving to an apartment thereafter. Dkt. 197 at 8-9. This commitment predated the Court's rescheduling of the trial date but was not brought to the Court's attention until the defendant moved for a continuance. *See* Dkt. 198 at 2; Dkt. 197 at 14 n9. Mr. Kider did not attend the Pretrial Conference because he was in Florida for an emergency meeting with another client. Dkt. 217-2 at 2. At the Pretrial Conference, the Court was not made aware of Mr. Kider's involvement in the case or of his personal conflict with the June 11, 2007, trial date. *See* Dkt. 197 at 14 n.9 ("When Mr. Brown attended the April 20, 2007 hearing, he was not aware of Mr. Kider's personal commitment. If he had been, he would have raised it then.").

If Mr. Kider is principally responsible for defending this case, he should have attended the April 20, 2007, Pretrial Conference. *See* Local Rule CR 16(m) ("The court may, in its discretion, schedule a final pretrial conference. Counsel who will have principal responsibility for trying the case for each party shall attend."). Counsel were aware that the Court would determine at the Pretrial Conference whether to reschedule the trial date, and counsel attending the Pretrial Conference should have been prepared to commit to a firm trial date on behalf of all participating attorneys. The Court is sympathetic to Mr. Kider's familial commitment but is also reluctant to delay trial for matters that should have been brought to the Court's attention earlier. The plaintiffs are amenable to recessing the trial on June 15 and 18 to partially alleviate the hardship to Mr. Kider and facilitate his involvement in the trial. Dkt. 204 at 5. Whether such recesses, or one of them, are appropriate may be addressed at the Court's next meeting with counsel or during trial.

Second, NovaStar Mortgage contends that local trial counsel, Mr. Mungia, will not be available until August 1, 2007, "due to long-standing commitments to other cases set for trial in June and July 2007, as well as his duties as a member of the Washington State Bar Association's Board of Governors." Dkt 197 at 9. Mr. Mungia was not present at the Pretrial Conference because he was in depositions in New York. Dkt. 217-3 at 1. The Court was informed that Ms. Bloomfield and Mr. Brown would be trying the case on behalf of NovaStar Mortgage because Mr. Mungia had a scheduling conflict. Dkt. 188 at 53. The defendant now contends that Mr. Mungia is NovaStar Mortgage's lead local trial counsel. Dkt. 197 at 9. If Mr. Mungia is principally responsible for defending this case, he too should have attended the April 20, 2007, Pretrial Conference. *See* Local Rule CR 16(m). Based upon the information before it,

the Court considered the scheduling conflicts of trial counsel and selected an agreed trial date of June 11, 2007. The Court should not further delay a trial in this matter.

Third, NovaStar Mortgage contends that the addition of new class representatives requires additional discovery and therefore a continuance of the trial date. At the Pretrial Conference, the Court considered the necessity of additional discovery relating to new class representatives. Accordingly, the Court established a deadline for deposing proposed class representatives and, in the absence of agreement, invited the parties to utilize conference calls to chambers, or motions practice, for disputes about any additional discovery. Dkt. 188 at 55-56.

The proposed additional class representatives have been deposed. Dkt. 205 at 2. The defendant's motion is vague as to the additional discovery it seeks. Dkt. 197 at 13-14. In the reply, NovaStar Mortgage identifies specific discovery yet to be conducted: another deposition of Mr. Martinelli "and other possible witnesses" after obtaining the correspondent lender's file for Mr. Martinelli's loan, deposition of the defendant's secondary market expert witness by the plaintiffs, deposition of the plaintiffs' damage expert, and depositions of a representative of the Washington State Department of Financial Institutions and Rick St. Onge (currently scheduled for the week of May 28, 2007). Dkt. 217 at 5. Because this list of outstanding discovery appears in the reply, it is unclear whether the parties are in agreement as to the need for, and scheduling of, additional discovery. The Court should decline to postpone the trial date to accommodate additional discovery, and the parties should work together to schedule any remaining discovery on an expedited basis. If the parties are unable to reach such an agreement, they may seek relief or guidance from the Court through conference calls to chambers or further motion practice.

Finally, NovaStar Mortgage contends that the joinder of correspondent lenders as defendants would necessitate additional discovery and a continuance of the trial date. Dkt. 197 at 12-13. The Court has determined that correspondent lenders are not necessary parties to be joined.

With the exception of the identities of the proposed additional class representatives, little has changed in this case since the Pretrial Conference. Attorneys for both sides were on notice that the trial date might be rescheduled at the Pretrial Conference. At the Pretrial Conference, the attorneys were permitted a full and fair opportunity to be heard on the question of when the trial should be set in this matter. Based upon the attorneys' input, the Court rescheduled trial for June 11, 2007, and neither party sought reconsideration of that decision. Nothing that has occurred in this case since the trial was rescheduled would warrant a trial continuance, and it appears that a trial continuance would cause some hardship to the Plaintiffs Sherman. Dkt. 206 The Court should therefore decline to reschedule the trial.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant NovaStar Mortgage, Inc.'s Motion for Compulsory Joinder of Absent Persons as Defendants (Dkt. 195) is **DENIED**, Plaintiffs' Amended Motion to Designate Two Additional Class Representatives (Dkt. 200, amending Dkt. 192) is **GRANTED**, and Defendant NovaStar Mortgage, Inc.'s Motion to Continue Trial Date (Dkt. 197) is **DENIED**. It is further

**ORDERED** that the caption is **AMENDED** as provided herein.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 21st day of May, 2007.

                                        /s/ Robert J. Bryan
                                        Robert J. Bryan
                                        United States District Judge