UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife; LARRY BROWN, a single man; and RALPH MARTINELLI, a single man, on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., a foreign corporation,<br><br>Defendant. | CASE NO. C05-5835RJB<br><br>ORDER GRANTING CONTINUANCE OF MOTION |

This matter comes before the Court on NovaStar Mortgage's request for a continuance under Federal Rule 56(f), contained in the response (Dkt. 223) to the Plaintiffs' Motion for

ORDER
Page 1

Partial Summary Judgment (Dkt. 213). The Court has considered the pleadings filed in support of and in opposition to the request and the remainder of the file herein.

## I. BACKGROUND AND DISCUSSION

The plaintiffs move for partial summary judgment, asking the Court to rule as a matter of law that NovaStar Mortgage's conduct violated the Consumer Loan Act and was *per se* unfair or deceptive under the Consumer Protection Act as to Plaintiffs Larry Brown and Ralph Martinelli. Dkt. 213 at 2.

Before moving for summary judgment on Mr. Brown's claim, class counsel sought interpretation of the Consumer Loan Act from the Washington State Department of Financial Institutions ("the Department"). Dkt. 211-3, Exh. 26 at 12. The Department determined that, based upon the assumptions provided, NovaStar Mortgage violated RCW 31.04.105(4). *Id.* at 11. This letter is dated May 14, 2007. *Id.* at 9.

NovaStar Mortgage is scheduled to depose a witness for the Department of Financial Institutions and seeks a continuance under Federal Rule 56(f) until after that deposition. Dkt. 223 at 7-8. In the response and accompanying affidavit, NovaStar Mortgage lists the date of the deposition as "Tuesday, May 23, 2007." Dkt. 223 at 8; Dkt. 223-2 at 2. In a conference call with chambers staff, counsel for both parties confirmed that the deposition did not take place on Wednesday, May 23, 2007, and is instead scheduled for May 29, 2007. NovaStar Mortgage also informed the Court that it will be deposing Rick St. Onge on May 30, 2007. In the response and accompanying affidavit, NovaStar Mortgage did not list this deposition as a basis for a continuance.

During the conference call, counsel for NovaStar Mortgage also clarified the length of the proposed continuance. NovaStar Mortgage asks that the Court allow for the filing of a supplemental response on Monday, June 4, 2007. Class counsel, while not agreeing to the continuance, stated that a supplemental reply could be filed on the day after the filing of any supplemental response.

Federal Rule 56 allows the Court to deny or continue a motion for summary judgment if the defending party establishes that it is unable to properly defend against the motion:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). The party seeking such a continuance must articulate how additional discovery may preclude summary judgment. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

In this case, NovaStar Mortgage seeks a continuance on the portion of the plaintiffs' motion seeking partial summary judgment that the defendant violated RCW 31.04.105(4). *See* Dkt. 223 at 8. NovaStar Mortgage contends that it is unable to fully defend against this argument until it conducts a deposition of a Department of Financial Institutions representative to determine "[the Department's] communications with plaintiffs' counsel that led to the interpretive letter on which plaintiffs now rely." *Id*. It is unclear how evidence of such communications will impact the summary judgment motion. On the other hand, the plaintiffs do not contend that prejudice would result from a short continuance. The Court is aware that the

trial date is quickly approaching. The Court should nevertheless delay its ruling on whether NovaStar Mortgage violated RCW 31.04.105(4) as to Mr. Brown's loan and allow NovaStar Mortgage to supplement its response after conducting the May 29, 2007, deposition. The Court will entertain supplemental briefing on this very narrow issue as follows: the defendant may supplement its response on or before Thursday, May 31, 2007, and the plaintiffs may supplement their reply on or before Friday, June 1, 2007. The parties are cautioned that any supplemental briefing should be limited to addressing evidence and argument related to the Department of Financial Institutions depositions.

## II. ORDER

Therefore, it is hereby

**ORDERED** that NovaStar Mortgage's request for a continuance under Federal Rule 56(f), contained in the response (Dkt. 223), is **GRANTED** as follows: the defendant may supplement its response on or before Thursday, May 31, 2007, and the plaintiffs may supplement their reply on or before Friday, June 1, 2007.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 29th day of May, 2007.

Robert J. Bryan
United States District Judge