THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT7
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE , husband and wife, RALPH MARTINELLI, and LARRY BROWN,

                    Plaintiffs,

vs.

NOVASTAR MORTGAGE, INC, a foreign corporation,

                    Defendant.

NO. C05-5835 RJB

DEFENDANT NOVASTAR'S PROPOSED JURY INSTRUCTIONS

Defendant Novastar Mortgage, Inc., proposes the following instructions to be provided to the jury in this matter. These jury instructions are proposed based on the status of the case as of June 4, 2007. Defendant will also confer with Plaintiffs'counsel regarding agreed instructions. Pending before the Court is Plaintiffs' motion for partial summary judgment and motion to amend the class definition. If one or both of these motions are decided adverse to

Defendant's Proposed Jury Instructions – 1
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

the interest of NovaStar Mortgage, Defendant respectfully requests the opportunity to amend its proposed instructions.

Further, pending review of Plaintiffs' proposed instructions and any further legal rulings during the course of trial, Defendant may propose or substitute additional instructions to the Court.

Dated this _4th_ day of June, 2007

GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, LLP

By _Stephanie Bloomfield_

Stephanie Bloomfield, WSBA No. 24251
Attorneys for Defendant NovaStar Mortgage, Inc.

**INSTRUCTION NO. 1**
Ninth Circuit Model Instruction No. 3.1

Members of the jury, now that you have heard all the evidence it is my duty to instruct you on the law which applies to this case.

It is your duty to find the facts in this case from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

Defendant's Proposed Jury Instructions – 2
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

In following my instructions you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**INSTRUCTION NO. 2**
Ninth Circuit Model Instruction No. 3.2

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.

**INSTRUCTION NO. 3**
Ninth Circuit Model Instruction No. 3.3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Defendant's Proposed Jury Instructions – 3
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 4**
Ninth Circuit Model Instruction No. 3.5

Evidence may be either direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

**INSTRUCTION NO. 5**
Ninth Circuit Model Instruction No. 3.6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice the witness may have;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.


**INSTRUCTION NO. 6**
Ninth Circuit Model Instruction No. 3.7

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Defendant's Proposed Jury Instructions – 5
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 7

You should decide the case as to each plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 8
WPI 1.07

The law treats all parties equally whether they are corporations or individuals. This means that corporations and individuals are to be treated in the same fair and unprejudiced manner.

## INSTRUCTION NO. 9
WPI 50.18, Modified

Defendant NovaStar Mortgage, Inc., is a corporation. A corporation can act only through its officers, agents and employees. Any act or omission of an officer or employee is the act or omission of the corporation. The Mortgage Brokers involved in Plaintiffs' loan transactions are not officers, agents or employees of Defendant NovaStar Mortgage, Inc. Therefore the acts or omissions of the Mortgage Brokers are not the acts or omissions of Defendant NovaStar Mortgage.

Defendant's Proposed Jury Instructions – 6
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

**INSTRUCTION NO. 10**
Ninth Circuit Model Instruction No. 3.

When it is said that a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means that you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 11**
Summary of the Claims

Plaintiffs claim that the Defendant NovaStar Mortgage violated Washington's Consumer Protection Act in one or more of the following respects:

In connection with the mortgage loan Plaintiffs obtained from Defendant Novastar Mortgage, there was an inadequate disclosure of the "Yield Spread Premium", a payment from the Defendant to the Mortgage Broker.

RESPA requires a mortgage broker to provide the borrower with a Good Faith Estimate within three days of receiving a loan application based on his or her knowledge of the range of costs. As long as the mortgage broker has provided the good faith estimate, federal law does not require the funding lender to provide an additional good faith estimate, but the funding lender is responsible for ascertaining that the good faith estimate has been provided to the borrower. If a lender purchases a loan on the secondary market, there is no obligation to ensure that a Good Faith Estimate was provided to the borrower.

Defendant's Proposed Jury Instructions – 7
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

Each Plaintiff claims that Defendant's conduct was a proximate cause of injuries and damage to each individual Plaintiff.

The Defendant denies these claims and asserts that Plaintiffs retained the services of Mortgage Brokers, who are not parties to this suit and that it was the Mortgage Brokers' responsibility to disclose the amount of their compensation to the Plaintiffs.

Defendant further claims that the Mortgage Brokers involved in each Plaintiff's transaction adequately disclosed, either in writing, verbally or both, the existence of a Yield Spread Premium payment.

Defendant denies that it had any obligation to ensure that a Good Faith Estimate was provided to Plaintiffs LePage because Defendant was not the Lender that closed their loan and as a later purchaser of the LePage loan had no disclosure obligations.

In addition, the Defendant claims and Plaintiff denies the following affirmative defense:

Plaintiff Kirby committed fraud in conjunction with her loan application and is therefore barred from any recovery.

The Defendant further denies that any Plaintiff was injured or sustained damage.

The Defendant further denies the nature and extent of each Plaintiff's claimed injuries and damage.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

**INSTRUCTION NO. 12**
WPI 310.01

Plaintiffs claim that Defendant Novastar Mortgage has violated the Washington Consumer Protection Act. To prove this claim, each individual plaintiff has the burden of proving each of the following propositions:

(1) That Novastar Mortgage engaged in an unfair or deceptive act or practice;

(2) That the act or practice occurred in the conduct of Novastar Mortgage trade or commerce;

(3) That the act or practice affected the public interest;

(4) That each individual plaintiff's business or property was injured, and

(5) That Novastar Mortgage's act or practice caused was a proximate cause of each individual plaintiff's injury.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict should be for the individual plaintiff. On the other hand, if any one of these propositions has not been proved, your verdict for that individual plaintiff should be for Novastar Mortgage.


**INSTRUCTION NO. 13**
*Mutual of Enumclaw Ins. Co. v. Cox*, 757 P.2d 499, 504 (Wash. 1998);
*Tornetta v. Allstate Ins. Co.*, 473 P.2d 8, 12 (Wash. Ct. App.1999);
*Wickswat v. Safeco Ins. Co.*, 904 P.2d 767, 774 (Wash. Ct. App. 1995).

An affirmative defense is a fact or circumstance which would excuse the Defendant from being liable to Plaintiff, even if Plaintiff meets the burden of proof on his or her claim.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

In this case Defendant has raised the following affirmative defense with respect to the claims of Plaintiff Kirby:

Defendant claims that Plaintiff Kirby made fraudulent representations to Defendant in conjunction with her mortgage loan application. A Plaintiff who engages in fraud cannot recover on a Consumer Protection Act claim.

To prove this affirmative defense Defendant has the burden of proving by a preponderance of the evidence each of the following propositions:

1.    Plaintiff Kirby made a false statement in connection with her loan application.

2.    Plaintiff Kirby knew or should have known that the statement was false; and

3.    Defendant relied upon the false statements in making a loan to Plaintiff Kirby;

## INSTRUCTION NO. 14
WPI 310.02

The Consumer Protection Act does not prohibit acts or practices that are reasonable in relation to the development and preservation of business or that are not injurious to the public interest.

## INSTRUCTION NO. 15
WPI 310.03, 12 U.S.C. § 2604(a), 24 CFR § 3500.7

Federal regulations relating to the Real Estate Settlement Procedures Act, ("RESPA"), require that a Good Faith Estimate disclose certain charges, including any Yield Spread Premium, paid by a lender to a mortgage broker at closing. Violation of this statute is an unfair or deceptive act or practice in the conduct of trade or commerce. A violation of this statute also affects the public interest.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

According to RESPA, a Mortgage Broker is required to provide a "Good Faith Estimate" that consists of an estimate, as a dollar amount or percentage range, of charges for specific settlement services the borrower is likely to incur in connection with the closing or settlement. The Mortage Broker is also supposed to note on the Good Faith Estimate any estimated Yield Spread Premium to be paid by the lender.

RESPA requires a mortgage broker to provide the borrower with a Good Faith Estimate within three days of receiving a loan application based on his or her knowledge of the range of costs. As long as the mortgage broker has provided the good faith estimate, federal law does not require the funding lender to provide an additional good faith estimate. If a lender purchases a loan on the secondary market, there is no obligation to ensure that a Good Faith Estimate was provided to the borrower.

If you find that a violation of this statute has occurred with respect to an individual plaintiff, then you must find that that plaintiff has established the first three elements of his or her Consumer Protection Act violation.

**INSTRUCTION NO. 16**
WPI 310.05

In deciding whether or not Novastar Mortgage acts or practices affect the public interest, you may consider, among other things:

(1) whether the acts or practices were done in the course of Novastar Mortgage's business;

(2) whether Novastar Mortgage advertised to the public in general;

Defendant's Proposed Jury Instructions – 11
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1

(3) whether Novastar Mortgage actively solicited each individual plaintiff, indicating

2

potential solicitation of others;

3

(4) whether Novastar Mortgage and the individual plaintiff had unequal bargaining

4

positions.

5

In reaching your decision you are not required to find any one particular factor, nor are

6

you limited to considering only these factors.

7

8

### INSTRUCTION NO. 17
WPI 310.06

9

10

A Plaintiff has suffered an "injury" if his or her business or property has been injured

11

to any degree.  Under the Consumer Protection Act, each individual plaintiff has the burden of

12

proving that he or she has been injured, but no monetary amount need be proved and proof of

13

any injury is sufficient, even if expenses or losses caused by the violation are minimal.

14

Injuries to business or property do not include physical injury to a person's body, or

15

pain and suffering.

16

17

Injuries to business or property include financial loss.

18

19

### INSTRUCTION NO. 18
WPI 310.07

20

Each Plaintiff has the burden of proving that Novastar Mortgage's unfair or deceptive

21

act or practice was a proximate cause of that individual plaintiff's injury.

22

"Proximate cause" means a cause which in direct sequence unbroken by any new

23

independent cause produces the injury complained of and without which such injury would

24

not have happened.

25

26

Defendant's Proposed Jury Instructions – 12
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

**INSTRUCTION NO. 19**

*Mutual of Enumclaw Ins. Co. v. Cox*, 757 P.2d 499, 504 (Wash. 1998);
*Tornetta v. Allstate Ins. Co.*, 473 P.2d 8, 12 (Wash. Ct. App.1999);
*Wickswat v. Safeco Ins. Co.*, 904 P.2d 767, 774 (Wash. Ct. App. 1995).

If an individual Plaintiff received adequate disclosures regarding the Yield Spread Premium through some means other than the Good Faith Estimate, then the failure to adequately disclose the Yield Spread Premium on the Good Faith Estimate was not a proximate cause of harm to that Plaintiff.


**INSTRUCTION NO. 20**
24 CFR § 3500.7

In determining whether a Good Faith Estimate was given in good faith you must consider the knowledge of the person preparing the Good Faith Estimate at the time of preparation. If the preparer of a Good Faith Estimate believed at the time that he or she would be making the loan as a lender, there was no obligation to disclose a Yield Spread Premium.


**INSTRUCTION NO. 21**
*Pac. Northwest Life Ins. Co., v. Turnbull*, 51 Wn. App. 692, 703, 754 P.2d 1262, 1269 (1988)
*Segal Co. v. Amazon.com*, 280 F. Supp. 2d 1229, 1234 n.5 (W.D. Wash. 2003)

The Consumer Protection Act does not protect experienced business persons who are not representative of bargainers subject to exploitation and unable to protect themselves. When a plaintiff has sufficient sophistication with respect to the nature of the transaction in question the Consumer Protection Act does not provide protection to such an individual.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

### INSTRUCTION NO. 22
WPI 310.08

In order to prove that Novastar Mortgage engaged in an unfair or deceptive act or practice, it is sufficient to show that the act or practice had the capacity to deceive a substantial portion of the public. Plaintiff does not need to show that the act or practice was intended to deceive.

### INSTRUCTION NO. 23
Ninth Circuit Model Instructions No. 7.1 and 7.2, WPI 41.02

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for one or more of the plaintiffs, you must determine each individual Plaintiff's damages. Each individual Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the individual Plaintiff for any injury you find was caused by the Defendant. You should consider the nature and extent of each individual Plaintiff's injuries.

If you find for more than one Plaintiff, you should determine the damages of each Plaintiff separately. Each individual plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Defendant's Proposed Jury Instructions – 14
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

**INSTRUCTION NO. 24**
Ninth Circuit Model Instruction No. 5.3

Each Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

1. that the Plaintiff failed to use reasonable efforts to mitigate his or her individual damages; and

2. the amount by which damages would have been mitigated.

**INSTRUCTION NO. 25**
Ninth Circuit Model Instruction No. 4.1

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### INSTRUCTION NO. 26
Ninth Circuit Model Instruction No. 4.2

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### INSTRUCTION NO. 27
Ninth Circuit Model Instruction No. 4.3

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Defendant's Proposed Jury Instructions – 16
(C05-5835 RJB)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

**INSTRUCTION NO. 28**

Special verdict forms have been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it. Once you have completed all of the Special Verdict Forms, you should advise the court that you are ready to return to the courtroom.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

CAMERON PIERCE and PATRICIA PIERCE,
husband and wife; KAREN KIRBY, a single
woman; GREGORY SHERMAN and PAULA
SHERMAN, husband and wife, MICHAEL
LAPAGE and GERTRUDE LEPAGE, husband
and wife, RALPH MARTINELLI, and LARRY
BROWN,

Plaintiffs,

v.

NOVASTAR MORTGAGE, INC.,
Defendant.

NO. C98 2 01398 7 RJB

SPECIAL VERDICT FORM

Plaintiffs Cameron and Patricia Pierce

We the jury, make the following answers to the questions submitted by the Court:

**QUESTION 1**: Did the Defendant, Novastar Mortgage, Inc., violate the Consumer Protection Act with respect to Plaintiffs Cameron and Patricia Pierce?

Answer:                                    Yes  _____    No  _____

If you answer "no," sign, date, and return this verdict.  If you answer "yes," then answer Question 2.

**QUESTION 2**: What do you find to be the amount of damages proximately caused by such violation to Plaintiffs Cameron and Patricia Pierce after reduction for any amount of damages that should have been mitigated?

      Answer:                        $ _____

      Date: June _____, 2007     Presiding Juror: _____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife, RALPH MARTINELLI, and LARRY BROWN,

                    Plaintiffs,

          v.

NOVASTAR MORTGAGE, INC.,
                    Defendant.

NO. C98 2 01398 7 RJB

SPECIAL VERDICT FORM

Plaintiff Karen Kirby

We the jury, make the following answers to the questions submitted by the Court:

**QUESTION 1**: Did the Defendant, Novastar Mortgage, Inc., violate the Consumer Protection Act with respect to Plaintiff Karen Kirby?

          Answer:                    Yes  _____    No  _____

          If you answer "no," sign, date, and return this verdict.  If you answer "yes," then answer Question 2.

**QUESTION 2**:    Did Plaintiff Karen Kirby commit fraud in connection with her loan application?

Answer:                                    Yes _____    No _____

If you answer "yes," sign, date, and return this verdict.  If you answer "no," then answer Question 3.


**QUESTION 3:**  What do you find to be the amount of damages proximately caused by such violation to Plaintiff Karen Kirby after reduction for any amount of damages that should have been mitigated?

Answer:                          $ _____

Date: June _____, 2007      Presiding Juror: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE and LEPAGE, husband and wife, RALPH MARTINELLI, and LARRY BROWN,
                        Plaintiffs,

        v.

NOVASTAR MORTGAGE, INC.,
                        Defendant.

NO. C98 2 01398 7 RJB

SPECIAL VERDICT FORM

Plaintiffs Gregory and Paula Sherman

We the jury, make the following answers to the questions submitted by the Court:

**QUESTION 1**:    Did the Defendant, Novastar Mortgage, Inc., violate the Consumer Protection Act with respect to Plaintiffs Gregory and Paula Sherman?

        Answer:                        Yes _____    No _____

        If you answer "no," sign, date, and return this verdict.  If you answer "yes," then answer Question 2.

**QUESTION 2**: What do you find to be the amount of damages proximately caused by such violation to Plaintiffs Gregory and Paula Sherman after reduction for any amount of damages that should have been mitigated?

Answer:                              $ _____

Date: June _____, 2007      Presiding Juror: _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMERON PIERCE and PATRICIA PIERCE,
husband and wife; KAREN KIRBY, a single
woman; GREGORY SHERMAN and PAULA
SHERMAN, husband and wife, MICHAEL
LEPAGE and GERTRUDE LEPAGE, husband
and wife, RALPH MARTINELLI, and LARRY
BROWN,

          Plaintiffs,

    v.

NOVASTAR MORTGAGE, INC.,
          Defendant.

NO. C98 2 01398 7 RJB

SPECIAL VERDICT FORM

Plaintiffs Michael and Gertrude LePage

We the jury, make the following answers to the questions submitted by the Court:

**QUESTION 1**:    Did the Defendant, Novastar Mortgage, Inc., violate the Consumer

Protection Act with respect to Plaintiffs Michael and Gertrude LePage?

    Answer:                   Yes  _____    No  _____

    If you answer "no," sign, date, and return this verdict.  If you answer "yes," then

answer Question 2.

**QUESTION 2**: What do you find to be the amount of damages proximately caused by such violation to Plaintiffs Michael and Gertrude LePage after reduction for any amount of damages that should have been mitigated?

Answer:                                    $ _____

Date: June _____, 2007        Presiding Juror: _____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMERON PIERCE and PATRICIA PIERCE,
husband and wife; KAREN KIRBY, a single
woman; GREGORY SHERMAN and PAULA
SHERMAN, husband and wife, MICHAEL
LEPAGE and GERTRUDE LEPAGE, husband
and wife, RALPH MARTINELLI, and LARRY
BROWN,

     Plaintiffs,

  v.

NOVASTAR MORTGAGE, INC.,
     Defendant.

NO. C98 2 01398 7 RJB

SPECIAL VERDICT FORM

Plaintiff Ralph Martinelli

We the jury, make the following answers to the questions submitted by the Court:

**QUESTION 1:** Did the Defendant, Novastar Mortgage, Inc., violate the Consumer Protection Act with respect to Plaintiff Ralph Martinelli?

   Answer:      Yes  _____ No _____

  If you answer "no," sign, date, and return this verdict.  If you answer "yes," then answer Question 2.

**QUESTION 2**: What do you find to be the amount of damages proximately caused by such violation to Plaintiff Ralph Martinelli after reduction for any amount of damages that should have been mitigated?

Answer:                              $ _____

Date: June _____, 2007      Presiding      Juror:      _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMERON PIERCE and PATRICIA PIERCE,
husband and wife; KAREN KIRBY, a single
woman; GREGORY SHERMAN and PAULA
SHERMAN, husband and wife, MICHAEL
LEPAGE and GERTRUDE LEPAGE, husband
and wife, RALPH MARTINELLI, and LARRY
BROWN,

             Plaintiffs,

    v.

NOVASTAR MORTGAGE, INC.,
             Defendant.

NO. C98 2 01398 7 RJB

SPECIAL VERDICT FORM

Plaintiff Larry Brown

We the jury, make the following answers to the questions submitted by the Court:

**QUESTION 1:**   Did the Defendant, Novastar Mortgage, Inc., violate the Consumer

Protection Act with respect to Plaintiff Larry Brown?

    Answer:                 Yes   _____   No   _____

    If you answer "no," sign, date, and return this verdict.  If you answer "yes," then

answer Question 2.

**QUESTION 2**:  What do you find to be the amount of damages proximately caused by such violation to Plaintiff Larry Brown after reduction for any amount of damages that should have been mitigated?

     Answer:                $ _____

     Date: June \_\_\_\_\_, 2007     Presiding Juror: _____