THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife; MICHAEL LePAGE and GERTRUDE LePAGE, husband and wife; LARRY BROWN, a single man; and RALPH MARTINELLI, a single man on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs<br>vs.<br><br>NOVASTAR MORTGAGE, INC, a foreign corporation,<br><br>Defendant. | NO. C05-5835 RJB<br><br>DEFENDANT NOVASTAR MORTGAGE'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE<br><br>NOTED: June 8, 2007 |

Defendant NovaStar Mortgage, Inc. ("NovaStar"), by counsel, respectfully submits this Opposition to plaintiffs' motion in limine to admit certain exhibits.

I.   **BACKGROUND**

The plaintiffs have filed a motion in limine seeking to pre-admit 102 exhibits consisting of several hundred pages of documents. Most of these exhibits were included in

OPP TO PLTF MOTION IN LIMINE - 1 of 5
[1383344 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

the initial Pretrial Order filed by the parties on March 26, 2007. (Dkt. 139). For all but a few of the exhibits, NovaStar stipulated to authenticity but declined to agree to admissibility. In the Pretrial Order NovaStar did stipulate to both the authenticity and admissibility of exhibits that clearly were relevant and admissible. For ease of reference, attached as an appendix to this memorandum are the identified exhibits excerpted from the Pretrial Order grouped into the four categories identified in plaintiffs' motion.

The plaintiffs' motion should be summarily rejected. The motion has three insurmountable problems. First, the motion is extremely untimely, filed two months after the Court's deadline for motions in limine. Second, contrary to this Court's admonition in the pretrial conference, the plaintiffs simply are attempting to "dump" a large amount of exhibits – some consisting of complete files with dozens of documents – into evidence without attempting to streamline the materials presented to the jury. Third, many of the documents have questionable relevance, and the plaintiffs have not even attempted to lay a foundation for admissibility or explain how these exhibits fit into their trial presentation.

## II.  ARGUMENT

A.  **THE PLAINTIFFS' MOTION SHOULD BE DISREGARDED BECAUSE IT WAS FILED LONG AFTER THE COURT'S DEADLINES FOR MOTIONS IN LIMINE.**

On November 13, 2006 the Court issued a revised scheduling order providing that all motions in limine be filed by March 22, 2007, one month before the originally scheduled trial date of April 23, 2007. Subsequently, the Court issued an order changing the trial date to June 11, 2007 and providing new deadlines for other motions. (Dkt. 184). However, the motion in limine deadline was **not** extended.

OPP TO PLTF MOTION IN LIMINE - 2 of 5
[1383344 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Ignoring the Court's scheduling order, the plaintiffs filed this motion on May 24, 2007, over two months after the motion in limine deadline passed and less than three weeks before trial. The deadline for motions in limine is established for a purpose – to allow the parties to work through the admissibility of exhibits long before trial. The plaintiffs have known for two months that NovaStar was not agreeing to the admissibility of these documents. It would be unfair and prejudicial to now allow the plaintiffs to proceed with this motion in limine on the eve of trial.

B. **THE PLAINTIFFS' ATTEMPT TO INUNDATE THE JURY WITH DOCUMENTS SHOULD BE PREVENTED.**

At the pre-trial conference this Court admonished the parties to take care in limiting the amount of exhibits to be submitted to the jury. The Court stated:

> ... I would hope that you could cut down on your witnesses and exhibits. I understand that that is a shifting issue and -- but what I would ask is that you eliminate witnesses that you know you won't call on both sides, and I you already specified ones that you will call and ones that you may call, and do your best to keep that ---- those lists to a minimum. And do the same with the exhibits. We have too many exhibits here. They may be necessary, but I would hope that we would limit exhibits to the ones that the jury really needs to thoroughly decide the case and not flood them with paper that is not necessary.

(Dkt. 188 at 41:23-42:8).

The plaintiffs have done just the opposite. Rather than attempt to cull down the number of exhibits listed in the Pretrial Order, they are requesting summary admission of almost every document mentioned in the Pretrial Order. Further, several exhibits (including 7, 13, 20, 26, 108 and 109) are the entire NovaLinq or loan files for certain plaintiffs. The plaintiffs have not even attempted to sort through these voluminous files and identify the particular documents that may have some relevance.

OPP TO PLTF MOTION IN LIMINE - 3 of 5
[1383344 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Ignoring the Court's scheduling order, the plaintiffs filed this motion on May 24, 2007, over two months after the motion in limine deadline passed and less than three weeks before trial. The deadline for motions in limine is established for a purpose – to allow the parties to work through the admissibility of exhibits long before trial. The plaintiffs have known for two months that NovaStar was not agreeing to the admissibility of these documents. It would be unfair and prejudicial to now allow the plaintiffs to proceed with this motion in limine on the eve of trial.

B. **THE PLAINTIFFS' ATTEMPT TO INUNDATE THE JURY WITH DOCUMENTS SHOULD BE PREVENTED.**

At the pre-trial conference this Court admonished the parties to take care in limiting the amount of exhibits to be submitted to the jury. The Court stated:

> ... I would hope that you could cut down on your witnesses and exhibits. I understand that that is a shifting issue and -- but what I would ask is that you eliminate witnesses that you know you won't call on both sides, and I you already specified ones that you will call and ones that you may call, and do your best to keep that ---- those lists to a minimum. And do the same with the exhibits. We have too many exhibits here. They may be necessary, but I would hope that we would limit exhibits to the ones that the jury really needs to thoroughly decide the case and not flood them with paper that is not necessary.

(Dkt. 188 at 41:23-42:8).

The plaintiffs have done just the opposite. Rather than attempt to cull down the number of exhibits listed in the Pretrial Order, they are requesting summary admission of almost every document mentioned in the Pretrial Order. Further, several exhibits (including 7, 13, 20, 26, 108 and 109) are the entire NovaLinq or loan files for certain plaintiffs. The plaintiffs have not even attempted to sort through these voluminous files and identify the particular documents that may have some relevance.

OPP TO PLTF MOTION IN LIMINE - 3 of 5
[1383344 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Some of the exhibits addressed in this motion might be relevant and admissible at trial. However, requesting wholesale admission of scores of exhibits because some of them might be admissible is not the proper way to establish admissibility. More importantly, admitting into evidence a large number of documents without some careful consideration of the necessity of those exhibits will not assist the jury's understanding of this case and in fact will lead to jury confusion.

C.  **THE PLAINTIFFS HAVE NOT MADE ANY ATTEMPT TO SHOW THE RELEVANCE OF THESE EXHIBITS OR PROVIDE ANY FOUNDATION FOR ADMISSIBLITY.**

The plaintiffs argue that many of the exhibits at issue are not hearsay for various reasons. NovaStar does not necessarily agree. However, even if these exhibits otherwise are admissible, the plaintiffs have not made any showing of relevance.

The plaintiffs' motion contains just three conclusory sentences regarding relevance, which state nothing more than the exhibits contain elements of plaintiffs' anticipated proof at trial. Something more is required for admissibility. The plaintiffs must actually show the Court the foundation for admissibility and provide the specific reason that each exhibit is material to its trial presentation.

For some of these exhibits, the plaintiffs may be able to provide a proper foundation and may be able to demonstrate relevance. However, NovaStar should not be required to perform a specific analysis of 102 exhibits when the plaintiffs have not made any effort to demonstrate admissibility.

III.  **CONCLUSION**

The plaintiffs' motion is untimely, and should not even be considered. However, even if the motion deserved the Court's consideration, it should be denied. The plaintiffs have not

OPP TO PLTF MOTION IN LIMINE - 4 of 5
[1383344 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

attempted to identify only those exhibits that really need to be presented to the jury and have not attempted to establish the foundation and relevance of any of these exhibits. Allowing the plaintiffs to engage in a wholesale dumping of exhibits into evidence would only lead to jury confusion.

The proper time for ruling on the admissibility of these exhibits is during trial, after the plaintiffs have established the foundation for admissibility of these exhibits and demonstrated their relevance. Determining admissibility now without any effort by the plaintiffs to provide a foundation or show relevance would be premature.

Dated this 4th day of June, 2007.

GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, LLP
Attorneys for Defendant NovaStar Mortgage

By: /s/ Stephanie Bloomfield
Stephanie Bloomfield, WSBA No. 24251
sbloomfield@gth-law.com
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
(2530) 620-6500 (Telephone)

and

Mitchel H. Kider
Donald C. Brown, Jr.
WEINER BRODSKY SIDMAN KIDER, PC
1300 Nineteenth Street, N.W.
Washington DC 20036
(202) 628-2000 (Telephone)

OPP TO PLTF MOTION IN LIMINE - 5 of 5
[1383344 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# APPENDIX

| EX NO | DESCRIPTION | DOC. NUMBER | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|---|
| | **GROUP 1** | | | | | |
| 1 | Pierce – HUD-1, Settlement Summary | 00940-942 | | X | X | |
| 2 | Pierce - Loan Approval Summary | 001171 | | X | X | |
| 3 | Pierce - Lock-In Confirmation | 00950, 00952, 00953 | | X | X | |
| 4 | Pierce – Adjustable Rate Note | 0998-1000, 1027-1028 | X | | X | |
| 5 | Pierce – Good Faith Estimate, signed 8/12/03 | NS 001252 | X | | X | |
| 6 | Pierce – PTF Conditions | NS 00987, 00997 | | X | X | |
| 7 | Pierce – NovaLinq Files | 019680-019690 019722-019728 020033-020092 | | X | X | |
| 8 | Kirby – HUD-1 | NS 625-626 | | X | X | |
| 9 | Kirby – Lock-In Confirmation | NS 636, 634 | | X | X | |
| 10 | Kirby – Adjustable Rate Note | NS 657-659; 662, 628 | | X | X | |
| 11 | Kirby – Purchase Commitment | NS 789, 794 | | X | X | |
| 12 | Kirby – GFE, signed 8/6/03 | NS 925 | X | | X | |
| 13 | Kirby – NovaLinq Files | 019716-019721 019691-019693 021725-021827 | | X | X | |
| 14 | Sherman – HUD-1 | 1736-1737 | | X | X | |
| 15 | Sherman – Lock in Confirmation | NS 1749 | | X | X | |
| 16 | Sherman – Adjustable Rate Note | NS 1774-1776, 1779 | | X | X | |
| 17 | Sherman – GFE, signed 6/3/03 | NS 2045 | X | | X | |
| 18 | Sherman – Loan Approval & Underwriting Summary | NS 1907 – 1909 | | X | X | |
| 19 | Sherman – Purchase Commitment | NS 1897 | | X | X | |
| 20 | Sherman – NovaLinq Files | 019706-019715 019770-020032 | | X | X | |

| EX NO | DESCRIPTION | DOC. NUMBER | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|---|
| 23 | LePage – Lock in Conf | NS 0004 | | X | X | |
| 26 | LePage – NovaLinq Files | 019694-019700 021828-021887 | | X | X | |
| 44 | Cugini File 03-058572 | 023036-023050 | | X | X | |
| 94 | Williams – loan file produced by NovaStar (05-560522) | 71627-71639 | | X | X | |
| 95 | Eagletail – loan file produced by NovaStar (06-639083) | 59519-59531 | | X | X | |
| 96 | Harris – loan file produced by NovaStar (04-041428) | 37521-37538 | | X | X | |
| 97 | Howard – loan file produced by NovaStar (02-081312) | 71392-71419 | | X | X | |
| 98 | Mayer – loan file produced by NovaStar (06-678195) | 54220-54237 | | X | X | |
| 101 | Sherman TIL | NS 2042 | | X | X | |
| 102 | Pierce TIL | NS 1029 | | X | X | |
| 103 | Pierce Underwriting Summary | NS 1095 | | X | X | |
| 104 | Pierce Payoff Statement | NS 1269-1270 | | X | X | |
| 105 | Requests for Payoff Statements | NS 1271-1272 | | X | | X |
| 106 | Pierce Payoff Statements and Loss Mitigation | NS 1301-1307 | | X | X | |
| 108 | Martinelli – Loan File | | | | | |
| 109 | Martinelli – NovaLinq | | | X | X | |
| 111 | Brown – Loan File | | | | | |
| 112 | Brown – NovaLinq files | | | | | |
| 127 | Hargin HUD-1 | NS 68840-41 | | X | X | |
| 128 | Shafer GFE | NS 68934 | | X | X | |
| | **GROUP 2** | | | | | |
| 32 | Email from Jane Todd, dated 12/13/02 RE: YSP Disclosure in Compliance with RESPA (attaching 10/15/01 Memo) | 71669-71671 | | X | X | |
| 33 | Course Overview: NovaStar's Commitment to Compliance | 021927, 021965, 021969-71 021992 | | X | X | |
| 35 | NovaStar Warehouse Sales Kit 10/1/04 | 73013-73034 | | X | X | |
| 36 | Excerpt of New Hire Compliance Overview and Flow Chart | 71842-43 | | X | X | |

| EX NO | DESCRIPTION | DOC. NUMBER | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|---|
| 37 | Email from Donna Cummings to Twila Fleming, June 21, 2005 re: YSP disclosure on GFE | 73045 | | X | X | |
| 38 | NovaStar broker application disclosure | 72006-72007 | | X | X | |
| 39 | Email from Mike Robar to Larry Scharff, Lance Anderson, copied to Becky Pilarz (5/3/04) re: Findings from WA exam for NMI | 72531 | | X | X | |
| 40 | Email from Jonelle Knox to Donna Cummings, Michael Thomas, and copied to Larry Scharff (5/3/04) re: Memo – WA State Annual Assessment | 72529 | | X | X | |
| 41 | Email from Larry Scharff to Paul Willis and Paul D'Agostino (7/22/04) re: YSP – states that require a $ amount vs. a % | 72642 | | X | X | |
| 42 | NovaStar test administered to account executives | 72955, 72978 | | X | X | |
| 55 | Memo from Donna Cummings to Jaylene O'Brien, Racquel Evans, w/ cc to Larry Scharff, VP, Mike Robar, SVP re: WA State Annual Assessment Report | 19642 | | X | X | |
| 56 | Memo listing Audit finding and progress in resolving issues, undated | 19739-19741 | | X | X | |
| 57 | Email from Jane Todd to Julia Connelly and Angie Gardener re: WA audit issues, dated 11/7/02 | 19744 | | X | X | |
| 58 | Checklists for closing/auditing loan files | 19908-19913 | | X | X | |
| 59 | Memo to Scott Hebdon; Steve Landes; Mike Page; Scott Haslock; JR Samsing; A Lowe; Ron Zaccaria; Dave Pazgan; John Pantalone; A. Gardiner; R. Jones, dated 11/11/02 | 19916-19921 | | X | X | |
| 61 | Excerpts from NovaStar's Account Executive Training Manual | Ex. 5 to Brown Dec. (Dkt. 27) | | X | X | |
| 75 | Partnership selling instruction manual | 19948-19960 | | X | X | |

| EX NO | DESCRIPTION | DOC. NUMBER | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|---|
| 77 | Compensation and commission schedule | 19253-57 | | X | X | |
| 78 | Brokered loans Compensation schedule | 19259 | | X | X | |
| 79 | NovaStar Financial, Inc. Corporate structure | 19456-57 | | X | X | |
| 80 | Summary and overview of "Lender Disclosure Project" wherein Novalinq was modified to send a set of initial disclosures to borrowers | 019966 | | X | X | |
| 81 | Management memo describing new initial disclosure process that will begin 6/6/06 | 19967 | | X | X | |
| 85 | NovaStar Compliance Manual (pp. 1, 11-17 – RESPA Compliance Checklist) | NS 72116, 72126-72132 | | X | X | |
| 86 | NovaStar Mortgage Inc., Orientation and Production Meeting, Underwriting Presentation (March 2002); Selected Slides: (1) Premium Pricing, (2) What Could Cause a Funding Delay | NS 72253, 72264, 72364 | | X | X | |
| 87 | E mail from Donna Cummings to Jaylene O'Brien, Racquel Evans, copied to Scharff, Robar, dated 8/23/04 re: WA State Annual Assessment Report | NS 72520 | | X | X | |
| 88 | E mail meeting notification; Subject: Dollar Amount Effects on YSP Inclusion; Attendees: Mitch Rupp, Larry Scharff, and Srinivas Vajhala | NS 72644 | | X | X | |
| 129 | Concerns by Origination LOC excerpt | NS 17767 | | X | X | |
| | **GROUP 3** | | | | | |
| 30 | NovaStar Rate Sheet (M Series, 9/8/2003) | 10680 | | X | X | |
| 31 | NovaStar Rate Sheet (M Series, 9/8/2003) | 10681 | | X | X | |
| 45 | Rate Sheets - FICO Enhanced Program | Ex. 1 to Brown Dec. (Dkt. 27) | | X | X | |
| 46 | NovaStar Advertisement | 18109 | | X | X | |
| 47 | NovaStar Advertisement | 18801 | | X | X | |
| 48 | NovaStar Advertisement | 18830 | | X | X | |

| EX NO | DESCRIPTION | DOC. NUMBER | Stipulate to Admissibility | Dispute Admissibility | Stipulate to Authenticity | Dispute Authenticity |
|---|---|---|---|---|---|---|
| 49 | NovaStar Advertisement – Wholesale | 18856 | | X | X | |
| 50 | NovaStar Advertisement | 18943 | | X | X | |
| 54 | Letter sent to borrowers from Ms. Cummings, NovaStar re: CLA and refund | 19459 | | X | X | |
| 65 | NovaStar Advertisement | 18093 | | X | X | |
| 66 | NovaStar Advertisements – IU (Internet Underwriter) | 18159 - 18160 | | X | X | |
| 67 | NovaStar Advertisements – IU (Internet Underwriter) | 18163 | | X | X | |
| 68 | NovaStar Advertisements – IU (Internet Underwriter) | 18164 | | X | X | |
| 69 | NovaStar Advertisement – Wholesale | 18517 | | X | X | |
| 70 | NovaStar Advertisement – NCI (NovaStar Capital Inc.) | 18558 | | X | X | |
| 71 | NovaStar Advertisement – NCI (NovaStar Capital Inc.) | 18559 | | X | X | |
| 72 | NovaStar Advertisement | 18874 | | X | X | |
| 73 | NovaStar Advertisement – NCI (NovaStar Capital Inc.) | 18898-18899 | | X | X | |
| 107 | ALT-A Program Rate Sheets | NS 10603-10604 | | X | | X |
| 110 | M Series Wholesale Rate Sheet, effective 5/10/2005 | NS 086664 | | X | X | |
| | **GROUP 4** | | | | | |
| 76 | Excel spreadsheet of loans made using an NCI line of credit | 82887-82889 | | X | X | |
| 89 | NovaStar NMI Washington Loans (12/30/01-11/17/06) | NS 7699-7730 | | X | X | |
| 90 | NovaStar NHMI Loans | NS 21888-21898 | | X | X | |
| 122 | Class List (4-18-07) emailed by Emily Rugg to Tom Loeser on 4/27/07 | NS 82893 - 83016 | | X | X | |
| 123 | Payoff Information with Closing/Funding Source | NS 73872.1 -73872.27 | | X | X | |
| 124 | WA Loans 2007 04 12 – additional 99 loans | NS 79512-79513 | | X | X | |