UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife; LARRY BROWN, a single man; and RALPH MARTINELLI, a single man, on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC., a foreign corporation,<br><br>Defendant. | CASE NO. C05-5835RJB<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR (1) PRELIMINARY APPROVAL OF THE SETTLEMENT, (2) APPROVAL OF CLASS NOTICE, AND (3) A HEARING DATE FOR FINAL APPROVAL OF SETTLEMENT |

This matter comes before the Court on Plaintiffs' Motion for (1) Preliminary Approval of the Settlement, (2) Approval of Class Notice, and (3) a Hearing Date for Final Approval of Settlement (Dkt. 260). The Court has considered pleadings filed in support of and response to the motion and the remainder of the file herein.

ORDER
Page 1

# I. BACKGROUND AND DISCUSSION

The class plaintiffs are all borrowers who engaged in loan transactions with NovaStar Mortgage, Inc. ("NovaStar Mortgage") and claim to have been deceived by NovaStar Mortgage's failure to adequately disclose its payments to brokers on good faith estimates. Some of these payments are "yield spread premiums," which the plaintiffs allege are paid by lenders to brokers as an incentive to induce borrowers to enter into mortgages with higher interests rates. Dkt. 25 at 4, Dkt. 37 at 2. The plaintiffs brought suit alleging that the failure to provide written disclosure of broker payments resulted in higher interest rates on their loans and violated Washington's Consumer Protection Act ("CPA"), RCW 19.86 *et seq*. The Court certified a class in this matter on October 31, 2006. Dkt. 74. On April 19, 2007, the Court amended the class definition to read as follows:

> (1) You entered into a federally-regulated mortgage loan that was subject to the requirements of Washington law and secured by property within the State of Washington, at any time from December 30, 2001, to the present;
>
> (2) NovaStar paid money to your mortgage broker ("Payment") in return for negotiating a higher interest loan for you;
>
> (3) Neither NovaStar nor the broker adequately disclosed to you the Payment on a good faith estimate dated no later than three days after the date on which NovaStar received the loan application or, if your application was received fewer than three days before you signed final loan documents, the date on which you signed final loan documents; and
>
> (4) You paid the mortgage broker compensation in the form of an "origination fee" or "broker fee" in addition to the Payment that NovaStar paid to the broker.

Dkt. 177 at 9-10.

Trial in this matter was scheduled to commence on June 11, 2007. Dkt. 183. The deadline for requests to opt out of the class was June 4, 2007. Dkt. 178 at 3. On June 5, 2007, the parties informed the Court of their agreement to strike the trial date. Dkt. 255. The plaintiffs inform the Court that the parties have reached a settlement and seek preliminary approval of the settlement. Dkt. 260. To date, Karen Kirby and Gregory Sherman, class representatives, have

not yet signed the Settlement Agreement and General Release. *See* Dkt. 261 at 14-20. Class counsel are awaiting Mr. Sherman's signature, and Ms. Kirby has indicated that she will sign the Settlement Agreement and General Release. Dkt. 261 at 2.

The plaintiffs also seek approval of class notice of the settlement and ask the Court to schedule a fairness hearing for consideration of whether to grant final approval of the settlement and approve Class Counsel's anticipated application for an award of attorney's fees. Dkt. 260. The motion is not stipulated and was filed on behalf of the plaintiffs. Counsel for the defendant filed a response indicating that "NovaStar [Mortgage] does not oppose plaintiffs' motion" and clarifying NovaStar Mortgage's position as to the merits of the underlying claims and allegations. Dkt. 263 at 1.

The proposed settlement is based upon class members' increased interest payments associated with NovaStar Mortgage's payments to brokers and represents. Dkt. 260 at 3. The award excludes class counsel's litigation costs of $85,654.78. Dkt. 262 at 2. The award also excludes $22,500, which is the sum of incentive payments of $4,500 per married couple class representative and $3,000 per unmarried class representative. *Id.* Including prejudgment interest, the proposed settlement represents 85% of the class members' damages. *Id.* at 3. Individual class members' recoveries would range from $67 to $19,618. *Id.* at 4. With respect to class representatives Michael and Gertrude LePage, NovaStar Mortgage and the LePages will execute a modification agreement whereby the LePages' loan rate will be 7.875%. Dkt. 261 at 10.

Under the proposed settlement, NovaStar Mortgage will pay up to $75,000 of notice and administrative costs pending final approval and administration of the settlement, and the remainder will be paid either by the class or by class counsel. Dkt. 261 at 6.

ORDER
Page 3

Attorneys fees were negotiated separately from negotiation of the class' recovery and would not impact the class' recovery. Dkt. 260 at 4. Class counsel will move separately to seek $1.8 million in attorneys fees. *Id.* at 4.

The Class Settlement Fund and the attorneys fee award will accrue interest at the federal post-judgment interest rate beginning September 12, 2007, and ending upon payment by NovaStar Mortgage. Dkt. 261 at 9. NovaStar Mortgage's payment of post-judgment interest is not to exceed $125,000. *Id.*

As required by Federal Rule 23(e)(2), class counsel inform the Court that they have not entered into any other agreements in connection with the proposed settlement. Dkt. 261 at 2.

## II. DISCUSSION

Unlike the settlement of most private civil actions, class actions settlements require court approval. Fed. R. Civ. P. 23(e)(1)(A) ("The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class.). Courts are primarily concerned with the protection of class members whose rights may not have been given due regard by the negotiating parties, including the named plaintiffs. *Officers for Justice v. Civil Service Com'n of City and County*, 688 F.2d 615, 624 (9th Cir. 1982).

The protection afforded by Federal Rule 23(e) is primarily procedural in nature, requiring class notice of the proposed settlement; approval only after a hearing and a finding that the settlement is fair, reasonable, and adequate; disclosure of any agreement made in connection with the proposed settlement; and opportunities for class members to object. Fed. R. Civ. P. 23(e).

In determining whether to approve a proposed settlement, courts may consider some or all of the following factors: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the

proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Officers for Justice*, 688 F.2d at 625. The approval of a proposed settlement is within the discretion of the trial court. *Id.*

Review of a proposed class action settlement generally involves two stages. *Manual for Complex Litigation*, Federal Judicial Center, §21.632 (4th ed. 2004). First, courts conduct a preliminary fairness evaluation. At this stage, the judge may seek review of the proposed class settlement by a court-appointed expert or a settlement master. The purpose of this evaluation is to determine whether there are reservations about the settlement, such as unduly preferential treatment of class representatives or certain segments of the class, inadequate compensation or harms to the class, the need for subclasses, or excessive attorney compensation. *Id.* This stage affords the parties an opportunity to resume negotiations in an effort to address potential obstacles to final approval by the court. *Id.*

At the second stage, if the proposed class settlement appears sufficiently fair, reasonable, and adequate, class members are provided notice of a formal Federal Rule 23(e) fairness hearing. Such notice should inform class members that they will have an opportunity to present and hear arguments and evidence for and against the terms of the proposed settlement; inform objectors that they must file written statements of their objections with the clerk of court on or before a date certain before the fairness hearing; and instruct objectors to provide notice if they intend to appear at the fairness hearing. *Id.* at §21.633.

In this case, the plaintiffs seek preliminary approval of the proposed settlement, approval of class notice of the proposed settlement, and scheduling of a fairness hearing at which the Court will decide whether to grant final approval of the settlement and of the attorneys fees requested. Dkt. 260.

ORDER
Page 5

## A. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

The Court should grant preliminary approval of the proposed settlement. The information provided to the Court thus far does not raise concerns that the proposed settlement is unduly preferential to certain class members, includes inadequate compensation or harms to the class, raises a need for subclasses, or contemplates excessive attorney compensation. Furthermore, the discovery period is complete, and the Court is familiar with the facts and posture of the case. Appointment of an expert or a settlement master is not necessary.

## B. CLASS NOTICE

The plaintiffs propose providing two forms of notice. The first form would go to class members who received the initial Class Notice and would not provide an additional opportunity to opt out of the class. The second form would go to class members who have not yet received any notice of the class and would provide an opportunity to opt out.

A proposed settlement may be rejected on the grounds that it does not afford a second opportunity for class members to opt out. Fed. R. Civ. P. 23(e)(3) ("In an action previously certified as a class action under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so."). Whether to require a second opportunity to opt out is within the broad discretion of the trial court. *Manual for Complex Litigation*, *supra*, §21.632 (4th ed. 2004). Class members who have already been afforded an opportunity to opt out have been informed that they are bound by any settlement or judgment on the merits. Dkt. 178 at 3. Class members who did not opt out and disagree with the proposed settlement will have an opportunity to object to the proposed settlement. The Court therefore concludes that a second opportunity to opt out is not warranted and that approval of the proposed class notice is proper.

ORDER
Page 6

**C. FAIRNESS HEARING**

Finally, the plaintiffs ask that the Court schedule a fairness hearing for sometime after September 25, 2007, and propose September 28, 2007. Dkt. 260 at 9. The plaintiffs propose affording class members forty-five days to file objections.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for (1) Preliminary Approval of the Settlement, (2) Approval of Class Notice, and (3) a Hearing Date for Final Approval of Settlement (Dkt. 260) is **GRANTED** as follows:

(1) Plaintiffs are hereby **ORDERED** to

(a) mail notice to those class members who are listed on Exhibit B (Dkt. 261 at 22) to the Settlement Agreement and who were previously mailed the Court's first class notice in the form attached as Exhibit B to the Phillips Declaration (Dkt. 261 at 30) filed in support of the preliminary approval motion, and

(b) mail notice to those class members who are listed on Exhibit B to the Settlement Agreement (Dkt. 261 at 22) and who were not previously mailed the Court's first class notice in the form attached as Exhibit C (Dkt. 261 at 33) to the Phillips Declaration.

(2) Any objections to the settlement must be submitted in writing to Class Counsel postmarked by August 15, 2007.

(3) Any objector who intends to be heard at the Fairness Hearing must declare his or her intention in writing to Class Counsel postmarked by August 15, 2007.

(4) Any class members who did not receive the Court's first class notice and who wish to exclude themselves from the class must do so in writing to Class Counsel postmarked by August 15, 2007.

(5) The hearing on the final approval of the settlement and an award of attorney fees is set for September 28, 2007, at 9:30 a.m. in Courtroom A before Hon. Robert J. Bryan.

1  The Clerk of the Court is instructed to send uncertified copies of this Order to all
2 counsel of record and to any party appearing pro se at said party's last known address.

DATED this 27th day of June, 2007.

*Robert J. Bryan* (signature)
Robert J. Bryan
United States District Judge

ORDER
Page 8