The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

CAMERON PIERCE and PATRICIA PIERCE, husband and wife; KAREN KIRBY, a single woman; GREGORY SHERMAN and PAULA SHERMAN, husband and wife, MICHAEL LEPAGE and GERTRUDE LEPAGE, husband and wife; LARRY BROWN, a single man, RALPH MARTINELLI, a single man, on behalf of themselves and a class of similarly situated individuals,

                              Plaintiffs,

v.

NOVASTAR MORTGAGE, INC., a foreign corporation,

                              Defendant.

Case No. C05-5835 RJB

**JUDGMENT**

Pursuant to Fed. R. Civ. P. 54, this matter came on for hearing for entry of Final Judgment. The Court having considered all pleadings and proceedings herein and being fully advised in the premises, the Court hereby ORDERS, ADJUDGES AND DECREES:

1.     The Court finds that the parties have complied with the notice requirements as set forth in the Preliminary Approval Order (Dkt. 264), and that the implemented notice given to the Class was the best notice practicable under the circumstances of these proceedings, and that said notice satisfies the requirements of Fed. R. Civ. P. 23(e)(1)(B)

JUDGMENT - 1

and due process.

2. Pursuant to Fed. R. Civ. P. 23(e)(1)(C), after hearing on September 28, 2007, at which no objection to the Settlement Agreement (Dkt. 267 and attached hereto as Ex. B) was lodged, the Court hereby finally approves the Settlement Agreement and finds that it is fair, reasonable and adequate as to the parties and is in the best interests of the certified Class.

3. Pursuant to Fed. R. Civ. P. 23(e)(2), the Court specifically finds that the parties have not entered into any "agreement made in connection with the proposed settlement, voluntary dismissal, or compromise."

4. The Settlement Agreement (Dkt. 267 and attached hereto as Ex. B) is hereby incorporated by reference and the parties are ordered to comply with its terms and requirements. Without limiting those specific requirements, the Court orders:

 a. **Class Settlement Fund and Attorney Fee Award.** NovaStar is hereby ordered to pay $5,100,000 plus accrued interest to class counsel as follows:  $3.3 million for the Class Settlement Fund plus interest accrued at 4.15% from September 12, 2007, and $1.8 million as an attorney fee award plus interest accrued at 4.15% from September 12, 2007.

 b. **Post-Settlement Attorney Fees and Costs.** NovaStar is hereby also ordered to pay $75,000 in post-settlement attorney fees and costs plus interest accrued at 4.15% from September 28, 2007.

5. Class counsel are hereby ordered to distribute the funds NovaStar pays pursuant to paragraph 4(a) above as follows:

 a. $ 3,174,579 plus interest at 4.15% accrued from September 12, 2007, shall be distributed to the Class in accordance with the distribution plan attached hereto as Ex. A;

 b. $102,920 plus interest at 4.15% accrued from September 12, 2007, shall be distributed to Class Counsel in class expenses;

 c. $22,500 plus interest at 4.15% accrued from September 12, 2007, shall be distributed to the class representatives in the following manner:

 1. $4,500 plus accrued interest to Cameron and Patricia Pierce,

JUDGMENT - 2

|   |   |   |   |
|---|---|---|---|
| | 2. | $3,000 plus accrued interest to Karen Kirby, |
| | 3. | $4,500 plus accrued interest to Gregory and Paula Sherman, |
| | 4. | $4,500 plus accrued interest to Michael and Gertrude LePage |
| | 5. | $3,000 plus accrued interest to Larry Brown, and |
| | 6. | $3,000 plus accrued interest to Ralph Martinelli; and |

    d.    $ 1,800,000 plus interest at 4.15% accrued from September 12, 2007, shall be distributed to class counsel as reasonable attorney fees and costs under the settlement agreement (Dkt. 267 and attached hereto as Ex. B).

    e.    If after six months, class counsel has been unable to distribute any awards to class members, class counsel shall prepare a report to the Court so that the Court can determine what to do with any residuum from the Class Settlement Fund.

    6.    Without affecting the finality of this Final Judgment, which releases and dismisses the claims of the plaintiffs and class as set forth in the Settlement Agreement (Dkt. 267 and attached hereto as Ex. B), the Court hereby retains continuing jurisdiction over this Settlement Agreement for the limited purpose of (a) ensuring payment by NovaStar; (b) resolving any disputes regarding the actual distribution, should they arise; and (c) making decisions about distribution of any residuum of the Class Settlement Fund, should that circumstance arise.

IT IS SO ORDERED.

DATED this 28th day of SEPTEMBER, 2007.

*[signature]*

ROBERT J. BRYAN
United States District Judge

JUDGMENT - 3